CHARLES JOSEPH COLLINS v.
LeROY FRANCIS BRIDGLAND AND ANOTHER.

206 N. W. 2d 652.

April 13, 1973—No. 43611.

---

94

*Barnard, Hilleren & Spates* and *Richard H. Hilleren,* for appellant.

*Winter, Lundquist, Sherwood & Athens* and *Bruce E. Sherwood,* for respondents.

PER CURIAM.

The action out of which this appeal arises was brought by plaintiff to recover personal injury and property damage which he sustained as a result of a collision between his automobile and one owned by defendant Darwin Bridgland and operated by defendant LeRoy Bridgland. The defendants admitted liability, and the jury returned a verdict for plaintiff in the amount of $12,500. Plaintiff appeals from the judgment and from an order denying his motions, first, for a new trial or for an additur, and, second, requesting the court to order the appearance of a juror for examination as to possible bias.

Plaintiff, aged 20 at the time of the accident, had graduated from high school. He had been doing general farmwork for himself, renting land, and working with his father and brothers. He had no difficulty in doing heavy farmwork and had no neck or back trouble prior to the accident.

Following the accident, wherein his car was struck on the left side near the rear of the car, he began having pain and discomfort in his back and neck, primarily while he was working. For

a time thereafter he was treated by a chiropractor. Medical treatment at no time revealed any fractures or compression of the vertebrae. He was also employed until the spring of 1969 in a lumberyard helping with the loading and unloading of trucks. His annual income increased from that which he had earned prior to the accident.

Fourteen months after the accident, plaintiff consulted a specialist. Subsequent tests disclosed that plaintiff had "sustained injury to intervertebral structures between the bodies of the Cervical 5-6 as well as Cervical 6 and 7, that resulted in involvement of the nerve roots of each of the levels and produced pain and limitations of motion of his neck and numbness into his left arm." A fusion of the interspaces was performed. His injury, while causing pain and discomfort, was not entirely disabling although he lost some productive time during recovery.

Plaintiff's contentions on appeal are that the amount of the verdict was insufficient and that the trial court erred in not examining the juror for possible bias discovered after the verdict.

A review of the entire proceedings reveals nothing that would indicate the jury verdict resulted from passion or prejudice other than the claimed misconduct of the juror.

The accepted practice of the trial court where this case was tried is to inquire of the jurors their interest in the insurance carrier. No record of the proceedings was made, but it is not disputed that the trial court asked the following question on voir dire:

"Do either of you or any of you, so far as you know, have an interest in the State Farm Mutual Insurance Company, either as stockholders, well, not stockholders as this is a mutual company, but as officers, agents, directors, policyholders, or employees?"

One of the prospective jurors did not answer or respond to the question. It appears in plaintiff's moving papers that the hus-

band of the juror had two insurance policies covering the family vehicles with State Farm Mutual Insurance Company. In addition, the juror was a cosigner on a mortgage on a building owned by her husband and leased by the insurance company for a monthly rental. Based upon the foregoing, plaintiff requested the trial court to conduct a hearing as to the propriety of the juror's serving on the case. The trial court denied the request for a hearing, stating: "The fact that her husband was insured by such Company would not, in the Court's judgment have required a response to the question, assuming that she knew this to be the fact."

With respect to plaintiff's first ground for relief, this court has often held that the granting of a new trial on the grounds of inadequacy of damages lies within the discretion of the trial court and only where upon the record the damages awarded appear entirely inadequate will the court interfere. In this case a review of the entire proceedings reveals no incident or occurrence during the trial that would indicate the verdict resulted from passion or prejudice. Although the injury caused plaintiff considerable discomfort over a period of time, the injury was not disabling and his earnings increased from what they had been prior to the accident. Conceivably the jury might well have concluded that, considering the nature of the injury, the surgery was not essential to his cure. The refusal to grant a new trial does not appear to have been an abuse of discretion.[1]

Because of the undisclosed interest of the juror, plaintiff represents that he was denied a fair trial. The most that the plaintiff can represent by the uncontroverted facts is that had counsel been informed that the juror's husband was a policyholder and the landlord of property leased to an agent of the insurance company, he would not have allowed the juror to remain as a

---

[1] Caswell v. Minar Motor Co. 240 Minn. 213, 60 N. W. 2d 263 (1953); Olson v. Christiansen, 230 Minn. 198, 41 N. W. 2d 248 (1950); Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582 (1938).

member of the jury. It has been held in Olberg v. Minneapolis Gas Co. 291 Minn. 334, 342, 191 N. W. 2d 418, 424 (1971) :

"* *˙ * A trial court is not justified in ordering a new trial simply because a peremptory challenge might have been exercised had the attorney elicited certain information on the voir dire examination." [2]

The fact of the defendants' insurance is not to be brought to the attention of the jury except in a limited way for certain restricted purposes. Sander v. Dieseth, 230 Minn. 125, 40 N. W. 2d 844 (1950). Since defendants admitted liability, the trial court was justified in interrogating the panel of prospective jurors as to their interest in the insurance company. Martin v. Schiska, 183 Minn. 256, 236 N. W. 312 (1931).

Conceding the interest of the juror to be as claimed, an interest as remote as that attributed to the juror would not justify the court's conducting a hearing, particularly when none of the circumstances complained of was occasioned by the prevailing party. What was said in Olberg is applicable here (291 Minn. 342, 191 N. W. 2d 424) :

"* * * Verdicts are not so delicate as to be vulnerable to a post-trial voir dire under the circumstances in this case."

Affirmed.

---

[2] See, Weber v. Stokely-Van Camp, Inc. 273 Minn. 482, 144 N. W. 2d 540 (1966); State v. Jackson, 275 Minn. 462, 147 N. W. 2d 689 (1967); State v. Polk, 263 Minn. 209, 116 N. W. 2d 540 (1962).