**Donald MESOJEDEC, Appellant,**

v.

**Theressa M. SMITH, Respondent.**

**No. 46833.**

Supreme Court of Minnesota.

Nov. 18, 1977.

Friedman & Nord, Newton S. Friedman and Craig W. Monen, Duluth, for appellant.

Hanft, Fride, O'Brien & Harries and Tyrone P. Bujold and Paul J. Lokken, Duluth, for respondent.

Heard before SHERAN, C. J., and PETERSON, and YETKA, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff sued defendant for personal injuries allegedly sustained when defendant, maneuvering from her curbside parking place, bumped the rear of the parked vehicle in which plaintiff was seated. The trial court denied plaintiff's motion for a directed verdict on the issue of negligence and submitted by special verdict the issues of negligence, causation, and damages. The jury found that defendant was not negligent, that defendant's acts were not the direct cause of any injuries, and that plaintiff suffered zero damages as a result of the accident.

Plaintiff's major contention on appeal is that the trial court erred in not ruling that defendant was negligent as a matter of law. We need not reach this question. The jury reasonably could have found on this record that plaintiff sustained no injuries as a result of this occurrence. Whether or not the injuries complained of were pre-existing or could have been caused by this minor collision, characterized by defendant as a slight encounter and by one witness as insignificant, was the subject of extensive medical testimony. Even if the jury had found negligence, there would have been nothing perverse in its finding no causal relationship and no damages.

Plaintiff contends, in addition, that the trial court committed prejudicial error by directing plaintiff's counsel to refer to any actions by the insurance adjuster on defendant's behalf as being defendant's actions. This direction affected only relatively minor details in the presentation of plaintiff's case. The court's direction to counsel is clearly consistent with the general rule that with limited exceptions the existence of insurance is not to be brought to the jury's attention. *Collins v. Bridgland*, 296 Minn. 93, 206 N.W.2d 652 (1973). In the circumstances of this case, the trial court was well within the bounds of its discretion in weighing the negligible probative value of reference to insurance against the real danger of prejudice to defendant.

Affirmed.