THEODORE MACY *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

## May 22, 1886.

**Evidence—Negligence.**—Evidence considered sufficient to justify a verdict for personal injury from negligence.

**Evidence—Intent.**—The conduct of a party being in evidence, and relevant to the issue, the testimony of such party as to the reason or motive for such conduct is admissible to rebut the inference which such conduct suggests.

**Master and Servant—Negligence in Inspection of Cars—Fellow-Servants.**—As respects the duty of a railroad corporation to have its cars inspected so that they may be maintained in a safe condition for use by its servants, the master is not exonerated from liability to a servant for the neglect of this duty upon the ground that its car inspector, and the servant injured by reason of his neglect, were fellow-servants; following *Tierney* v. *Minn. & St. L. Ry. Co.*, 33 Minn. 311, (23 N. W. Rep. 229,) and *Fay* v. *Minn. & St. L. Ry. Co.*, 30 Minn. 231, (15 N. W. Rep. 241.)

**Trial—Instructions.**—Requests for instructions to the jury based upon an hypothesis not supported by any evidence, *held* properly refused.

Appeal by defendant from an order of the district court for St. Louis county, *Stearns*, J., presiding, refusing a new trial, after a verdict for plaintiff on a trial before *Reynolds*, J., and a jury.

The second instruction requested by defendant, and referred to in the opinion, was as follows: "If machinery or implements get out of order and need repairing, and the servant continues to use them in that condition with knowledge of such defects, or if by using reasonable care and diligence he could have discovered such defects, he cannot recover for any injury received whilst so using them."

*James Smith, Jr.*, for appellant.

*Edson & Warner*, for respondent.

DICKINSON, J. The plaintiff recovered in this action for injuries alleged to have been received by him while acting as the defendant's yard-master at Duluth, in September, 1882. The point chiefly urged upon this appeal is that the evidence was not such as to justify the conclusion that the accident or the injury alleged had been suffered,

or that the car which is said to have caused it was broken as alleged. The result of the trial as to this depended simply upon the truthfulness of the testimony, and especially of the testimony of the plaintiff, which, if worthy of credit, was unquestionably sufficient to justify the verdict.    While there were circumstances of a nature to discredit the plaintiff's testimony, yet, upon the other hand, it was not opposed in this particular by any direct evidence; and some circumstances, not disputed, tended to confirm his statement of the case.    The question was properly submitted to the jury, and the verdict is justified by the evidence.

It appearing that the plaintiff remained in the defendant's service more than a year after the alleged accident and injury, without disclosing the fact, or making complaint to the defendant, it was not error to receive from the plaintiff testimony showing, as the reason for such conduct, that he was afraid of losing his position in the defendant's service.    It was admissible for the purpose of rebutting the inference suggested by the plaintiff's conduct.    Steph. Dig. Ev. c. 2, art. 9.

The point that there should be no recovery because, as is said, the defendant's car inspector at Duluth was a fellow-servant with the plaintiff, for whose negligence the defendant is not responsible, has been settled adversely to the appellant in *Tierney* v. *Minn. & St. L. Ry. Co.*, 33 Minn. 311, (23 N. W. Rep. 229,) and *Fay* v. *Minn. & St. L. Ry. Co.*, 30 Minn. 231, (15 N. W. Rep. 241.)    The evidence is that this car was one belonging to the defendant; that it had been standing, with other cars, in the yard at Duluth some two or three days at the time of the injury suffered by the plaintiff; that it must have been broken at some time prior to that period; and that the defect was obvious upon ordinary inspection.

The refusal by the court to submit to the jury the second instruction as requested by the defendant was not error, for the reason that the evidence did not tend to show any knowledge on the part of the plaintiff of the defect in the car, nor does it show it to have been his duty to make inspection so that he "could have discovered such defects."    The refusal of the fifth request was justified for the same

reason.   The proposition stated in the requested instruction involves the fact of knowledge on the part of the plaintiff.

If the injury was such as the evidence went to establish,—and this was for the jury,—the damages recovered ($2,500) cannot be said to be excessive.   We must look upon the case as the jury may have found it to be,—one of serious and permanent injury to the spine, rendering the plaintiff forever incapable of performing ordinary manual labor, and subjecting him to constant pain.

Order affirmed.