# NETTIE LEWIS, AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF EMERY M. LEWIS, DECEASED v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

May 18, 1923.

No. 23,177.

**Sill-step of dump car defective.**

1. There is evidence sufficient to establish the fact that a dump car about which plaintiff's intestate was employed was equipped with a defective sill-step.

**Causal relation between defective step and death of employe.**

2. The evidence is sufficient to establish, by fair inference, a causal relation between the defective step and the fall that resulted in the death of deceased.

**Decedent not responsible for presence of defective car in train.**

3. The evidence does not sustain the claim that the sole responsibility for carrying in the train, a car with defective equipment, was upon deceased.

**Photograph of similar car admissible in evidence.**

4. The reception of evidence of experiments for purposes of illustration, if conditions are proved to be substantially the same, is a matter resting largely within the discretion of the trial court. It was not error to receive in evidence a picture of a car substantially similar to the car about which deceased was killed, in order to show that it was possible for a man of his height to stand in the position in which plaintiff claims deceased was standing.

Action in the district court for Hennepin county to recover $30,000 for the death of plaintiff's intestate. The case was tried before Leary, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $16,500. From an order denying its

[1]Reported in 193 N. W. 695.

motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Briggs, Weyl & Briggs,* for appellant.

*George C. Stiles* and *F. M. Miner,* for respondent.

HALLAM, J.

1. Plaintiff's intestate, Emery M. Lewis, was killed, while engaged as conductor of a work train near Lincoln, Iowa. The only car material to this case was a dump car No. W-90 on which loads of dirt were carried and dumped where needed. This car was flat, with sides about two and one-half feet high. On the side of the car, close to each end, was what is called a sill-step. This is a sort of iron ladder, with the lowest step near the ground, the second step 14 inches higher, and the third step formed by the top of the sill which extends clear across the back of the car. There was an upright iron handhold on the sill, and beyond and at the same time below the end of the floor and boxed portion of the car. When the load was dumped, one side of the car would drop about 5 inches, the floor would drop about 2 feet, and the dirt would be thrown out with force and some of it might hit a man standing on the step. Plaintiff's testimony is that Lewis was standing on the lowest sill-step of a loaded car, and on the side toward which it was to be dumped, and at the forward end of the car, and that Townsend, his brakeman, was at the other end of the car. It was Townsend's duty to dump the car on signal from Lewis. He received the signal and did dump the car. A few minutes later Lewis was found buried in the earth that had been dumped from the car. No one saw the fatal occurrence. Townsend was the last man to see Lewis, and he testified that, when he saw Lewis last, he was standing with his left foot on the bottom sill-step, his right hanging loose; that he was bending and raising his right knee; that his left hand was on top of the side of the car, and with his right he was reaching around in the direction of the handhold on the end of the car. These motions he would make if ascending the sill-steps.

Plaintiff's testimony is that the sill-step or ladder was bent in, 4 or 5 inches, and sideways about 10 inches. Plaintiff's theory of the

accident is that this disarranged condition of the sill-step caused Lewis to misstep and fall. Defendant contends that the testimony of plaintiff's witnesses as to the condition of the sill-step is unworthy of belief, that the only reliable evidence is that the sill-step was not defective, and that in any event there is no proof of causal connection between the sill-step and the accident.

As to the condition of the sill-step: Townsend is the only witness as to the defective condition of the sill-step at the time of the accident. His testimony is impeached by the fact that, on the day of the accident, he made a report, in which he stated that "cars, tracks and equipment immediately connected with the accident" had been inspected by him that morning both before and after the accident, and opposite the question: "What did inspection show? (State fully any defect, or whether everything was in good order)" he noted "O. K." Plaintiff's witness, Dailey, testified that the sill-step on this car was bent when he saw it about 30 days before the accident, and a witness, Baird, who said he saw it a few days before and again a few days after the accident, testified that when he saw it after the accident it was bent in and sideways. If it was in the condition described by these witnesses at the time of the accident, its use was in violation of the Safety Appliance Act and the rules of the Insterstate Commerce Commission. Defendant offered the testimony of several witnesses to the effect that the sill-step was in good condition. We think plaintiff's evidence was sufficient to take the case to the jury. The testimony of plaintiff's different witnesses as to the condition of the step is not in complete harmony, but we find no fatal variation.

2. As to the causal connection between the alleged defective sill-step and the accident: There is no direct testimony on this point. Townsend alone was with Lewis and he did not see him fall. If the facts in evidence are such as to permit a fair inference that the defective step contributed to his fall, a case is made. If it is simply matter of conjecture, plaintiff's case must fall. Bruckman v. Chicago, St. P. M. & O. Ry. Co. 110 Minn. 308, 125 N. W. 263; Lewis v. Chicago G. W. R. Co. 124 Minn. 487, 145 N. W. 393; Perkins v.

Great Northern Ry. Co. 152 Minn. 226, 188 N. W. 564. If Town-send's evidence is true, Lewis was on the step and was probably about to ascend to the sill. The load was falling. The wind was blowing a gale and blowing dust. The place was hazardous. A sill-step bent inward and sideways might easily cause a man to misstep and fall. If Lewis was on the step, as Townsend said, he must have fallen, and in falling, likely came under the load. We think it matter of fair inference that the defective step caused or contributed to his fall.

Defendant argues that Townsend's testimony that he saw the position of Lewis as detailed in his testimony, is impossible. But even if, in some of the details, the testimony is untrue, it is not im-probable that Townsend got Lewis' signal as he claimed, and not at all impossible that he saw Lewis on the sill-step and in the general position which he claimed.

3. Defendant contends that, while neither contributory negligence nor assumption of risk is a defense, this accident was caused by the sole negligence of Lewis, and this is a defense. This contention is based on the proposition that the "sole negligence" of Lewis was in the fact that every car on that train was under his supreme control, and that it was his personal duty to repair the sill-step, if defective, or take the car out of service. The case does not seem to have been tried on this theory. It is not suggested in the pleadings, nor in the motion for a directed verdict, nor in the charge, nor in the motion for judgment or for a new trial, nor do we think the evidence sus-tains the claim that so large a responsibility rested on Lewis. The record shows that plaintiff's attorney undertook to elicit testimony as to the duty of "conductors who discovered defects in equipment and cars" and the testimony was objected to as "not within the issues" and the statement was made that "there is the sole issue of this defective step" and that "what the duty of the conductor might be or anything of that sort is not in this case."

4. Defendant contended that it was a physical impossibility for Lewis to stand on the sill-step and reach with his hand the top of the car, the position in which Townsend said Lewis was standing

when last seen by him.  To meet this contention, plaintiff produced in evidence a picture of a Burlington car, with a man 2 inches taller than Lewis standing on the lower sill-step and with his hand on the top of the car, and, in connection with this testimony produced evidence that the Burlington car was identical in its general features with the car on which Lewis stood.  It is well settled that the reception of evidence of experiments for purposes of illustration, if conditions are proved to be substantially the same, is a matter resting largely within the discretion of the trial court.  Huestis v. Aetna Life Ins. Co. 131 Minn. 461, 155 N. W. 643; 22 C. J. 755.  We have compared the picture of the Burlington car with that of car W-90 in evidence, and their identity in appearance in every detail is striking.  The jury could make allowance for the admitted difference in height of the two men and the difference arising from the defect in the sill-step.  We think it was not error to receive the picture of the Burlington car.  Stewart v. St. Paul City Ry. Co. 78 Minn. 110, 80 N. W. 855, seems to us clearly distinguishable from this case.

Several other exceptions were taken to the admission of testimony. We have carefully considered them.  We find no error and nothing requiring more particular comment.

Order affirmed.