## THOMAS HAAVIG AND ANOTHER v. LUVERNE EUGENE HIDDING.

214 N. W. 2d 222.

January 11, 1974—No. 44081.

*Roger A. Johnson,* for appellants.

*Richards, Montgomery, Cobb & Bassford* and *Jonathan P. Scoll,* for respondent.

Heard before Knutson, C. J., and Rogosheske, MacLaughlin, and Yetka, JJ., and considered en banc.

MacLaughlin, Justice.

This is an appeal from the trial court's denial of plaintiffs' motion for a new trial. We affirm.

Plaintiff, Judith A. Haavig, was injured on June 27, 1969, when the car she was driving was struck from the rear by a car owned and driven by defendant. Defendant's car was undamaged while plaintiff's car was slightly damaged. At the time of the accident plaintiff[1] was en route to see her chiropractor whom she had been consulting since April 1969 for treatment of mid-back pain suffered as a result of a fall on the stairs in her home in the autumn of 1968. After the accident plaintiff continued to her chiropractor's office where she complained of a headache and pain in her neck, shoulders, and back. The chiropractor did not alter his method of treating plaintiff as a result of the car

---

[1] Plaintiff's husband, Thomas Haavig, is also a plaintiff. For purposes of simplicity, we shall refer to Mrs. Haavig as plaintiff.

accident, but continued for several months the same course of treatment that he had been performing since April 1969.

About 3 months after the accident plaintiff was seen at defendant's request by Dr. Orley W. Foster. At trial Dr. Foster testified that, in his opinion, plaintiff had injured her neck in the accident, but that at the time of his examination she did not have any continuing neck injury.

In November 1969, plaintiff consulted Dr. Robert A. Wengler, an orthopedic specialist. Dr. Wengler diagnosed a cervical nerve rootlet irritation at the base of the neck and, on June 15, 1970, performed an anterior disc excision and vertebral body fusion of the disc spaces at the C5-6 and C6-7 levels. Dr. Wengler testified that, in his opinion, the cause of the symptoms for which he treated plaintiff was the automobile accident of June 27, 1969.

Evidence was produced at the trial concerning past medical problems of plaintiff which indicated that she had experienced the same or similar symptoms for several years prior to the accident. The evidence consisted of hospital records which showed (1) a hospitalization at Swedish Hospital in 1959 for neck and right shoulder injuries suffered in an automobile accident in which the car plaintiff was driving rolled over at 50 miles an hour; (2) a hospitalization in Swedish Hospital in 1962, where plaintiff complained of headaches and numbness in the right leg and foot and the fourth and fifth fingers of the right hand; and (3) a hospitalization at St. Barnabas Hospital in 1966 as a result of a fall in 1965 from which plaintiff complained of low back pain. There was also testimony concerning plaintiff's fall in 1968 for which she was receiving chiropractic care (consisting of manipulation of the spine and ultrasonic therapy) at the time of the accident that is the subject of this appeal. While giving her medical history to Dr. Foster, plaintiff failed to mention the 1959 hospitalization, the 1962 hospitalization, and the 1965 fall. Further, Dr. Wengler, in obtaining his medical history from plaintiff, had not been informed of the 1962 hospitalization where plaintiff complained of headaches and numbness in her

right leg and hand. However, Dr. Wengler testified that his opinion would have been the same even had he known of the 1962 hospitalization.

Liability was admitted by defendant, and the case was tried to a jury solely on the issue of damages. In spite of the fact that plaintiffs claimed special damages of approximately $5,700, the jury returned a verdict in the amount of $1,000 for plaintiff and $500 for her husband. Plaintiffs argue that these damages are inadequate and the result of passion and prejudice.

We have frequently held that "the question of whether a verdict is adequate is addressed in the first instance to the sound discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion." Smith v. Rekucki, 287 Minn. 149, 156, 177 N. W. 2d 410, 415 (1970); Berg v. Ullevig, 244 Minn. 390, 70 N. W. 2d 133 (1955); Litman v. Walso, 211 Minn. 398, 1 N. W. 2d 391 (1941); Mohr v. Williams, 95 Minn. 261, 104 N. W. 12 (1905). We hold that the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial. The jury was free to weigh the conflicting evidence of the doctors, to consider the testimony showing that plaintiff had suffered similar symptoms for several years prior to this accident, and to conclude that while plaintiff may have suffered injuries in this accident it was not the cause of all the medical problems that later occurred. There was sufficient evidence to cast doubt in the minds of the jurors that all of plaintiff's physical symptoms and special damages were caused or incurred as a result of this accident. Therefore, we affirm the trial court.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.