WILLIAM I. WILLIAMSON v. WAYNE FURCH.

229 N. W. 2d 39.

May 9, 1975—No. 44969.

*Leighton, Meany, Cotter & Enger* and *Richard A. Cotter,* for appellant.

*F. Martin Senn,* for respondent.

Heard before Rogosheske, Peterson, and Kelly, JJ., and considered and decided by the court en banc.

PER CURIAM.

This appeal arises from a personal injury action tried before a jury. William I. Williamson, plaintiff, was involved in an automobile accident in January 1971. Plaintiff was riding as a front-seat passenger in a motor vehicle struck from behind by a vehicle driven by defendant, Wayne Furch.

Plaintiff claimed injuries to his head, neck, shoulder, spine, and back as a result of the accident. A number of physicians examined plaintiff at various times subsequent to the collision, and plaintiff called them as witnesses or submitted medical records from them.

At the conclusion of the evidence the trial court directed a verdict on the issue of liability, holding that the defendant was liable for the accident as a matter of law. A verdict on the question of damages was submitted to the jury, and the jury awarded the plaintiff no damages. Plaintiff then moved for a new trial on the issue of damages, asserting that the jury verdict was inadequate and was not supported by the evidence. He appeals from denial of his motion.

We have repeatedly held that the question of whether a verdict is adequate must be addressed in the first instance to the sound discretion

of the trial court, and its action shall be reversed on appeal only if an abuse of discretion can be demonstrated. Haavig v. Hidding, 298 Minn. 192, 214 N. W. 2d 222 (1974); Smith v. Rekucki, 287 Minn. 149, 177 N. W. 2d 410 (1970); Berg v. Ullevig, 244 Minn. 390, 70 N. W. 2d 133 (1955). We believe, however, that to let the jury verdict stand in this case would be such an abuse.

The trial court found that this case was controlled by Haavig v. Hidding, *supra*. That case involved a similar collision, and the jury awarded damages in an amount far less than the damages alleged. We there said (298 Minn. 195, 214 N. W. 2d 223):

"* * * The jury was free to weigh the conflicting evidence of the doctors, to consider the testimony showing that plaintiff had suffered similar symptoms for several years prior to this accident, and to conclude that while plaintiff may have suffered injuries in this accident it was not the cause of all the medical problems that later occurred. There was sufficient evidence to cast doubt in the minds of the jurors that all of plaintiff's physical symptoms and special damages were caused or incurred as a result of this accident."

The instant facts present a different situation. Here, there was no conflicting medical evidence for the jury to evaluate. Each of the doctors who testified concluded that plaintiff's physical symptoms resulted, at least to some extent, from the 1971 collision.

The trial court felt that the cross-examination of the medical witnesses was sufficient to cast substantial doubt in the minds of the jurors that the collision caused plaintiff's special damages. We do not believe, however, that a verdict of no damages can be sustained by the evidence. Following the accident of January 5, plaintiff immediately complained of pain in his neck to the driver of the car. Upon being taken home, he suffered nausea and vomiting. That evening, plaintiff went to the emergency room at a hospital in Austin, received some codeine, and was given a collar for his neck. On January 7, he received medical treatment from his physician at the Austin Clinic. Because the uncontradicted medical testimony states that there is a causal relationship between the accident and at least some of plaintiff's physical complaints, a verdict of no damages whatever cannot stand. The factual posture of the case is such that a resolution of the appeal by additur does not seem appropriate. We therefore reverse and remand for a new trial solely on the issue of damages.

Reversed and remanded.