INGA HAGEN v. RONALD A. SWENSON AND ANOTHER.

236 N. W. 2d 161.

October 24, 1975—No. 45001.

*Inga L. Hagen,* pro se, for appellant.
*Cragg & Bailly* and *David A. Bailly,* for respondents.

PER CURIAM.

This is an appeal from the trial court's denial of plaintiff's motion for a new trial. We affirm.

Plaintiff, Inga Hagen, was injured on June 17, 1970, when the car she was driving was struck from the rear by a truck driven by defendant Ronald A. Swenson and owned by defendant Walter W. Hedlund. During the 3½-year period that followed the accident, plaintiff incurred expenses in excess of $8,500 for medical treatment. Defendants admitted liability and a trial was held on the issue of damages. A jury awarded her $28,026 to compensate her for medical expenses, the loss of past and future wages, and pain and suffering.

Plaintiff's first allegation of error is that the verdict was clearly inadequate. This is a question that is addressed in the first instance to the discretion of the trial court. We will not reverse the trial court's action except for a clear abuse of discretion. Haavig v. Hidding, 298 Minn. 192, 214 N. W. 2d 222 (1974); Smith v. Rekucki, 287 Minn. 149, 177 N. W. 2d 410 (1970). We have carefully reviewed the transcript and record and hold that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial on this issue.

Plaintiff alleges that the trial court improperly allowed expert testimony. Dr. Andrew Leemhuis, a neurologist and psychiatrist, was per-

mitted to interpret plaintiff's Minnesota Multiphasic Personality Inventory (MMPI). Plaintiff argues that such an interpretation is the "practice of psychology" within the meaning of Minn. St. 148.89, subd. 1.[1] The private practice of psychology without a license is a misdemeanor under § 148.97, subd. 1. We reject plaintiff's contention that these statutes act to prohibit the testimony of Dr. Leemhuis, who is not a licensed psychologist. They are licensing statutes that have no direct application to the qualifications of expert witnesses.

The qualification of a witness to render expert testimony is a question to be determined by the trial court, whose ruling will not be reversed unless it is based on an erroneous view of the law or clearly not justified by the evidence. Hartmon v. National Heater Co. 240 Minn. 264, 60 N. W. 2d 804 (1953). Any person whose profession or vocation deals with the subject at hand may testify as an expert. The value of his evidence is to be tested by cross-examination and ultimately weighed by the jury. Christy v. Saliterman, 288 Minn. 144, 179 N. W. 2d 288 (1970). Lack of board certification is not a bar. Christy v. Saliterman, *supra.*

Dr. Leemhuis' background in medical school and in practice involved considerable work with MMPI's. While at the University of Minnesota he worked with the developers of the MMPI in the formation of test questions. By his own testimony he had read between 10,000 and 15,000 such tests. It is clear that he was qualified to testify.[2]

---

[1] Minn. St. 148.89, subd. 1, provides: "For the purpose of Laws 1973, Chapter 685 the term 'private practice of psychology' means the application for a fee, monetary or otherwise, to the public of psychological principles in the description, prediction and modification of human behavior and emotional adjustment, including but not restricted to such practices as:

"(1)  Psychological assessment, including such functions as intelligence, personality, aptitude, and attitude appraisal;

"(2)  Psychological treatment of persons who have adjustment problems;

"(3)  Psychological counseling and guidance;

"(4)  Conducting behavioral research; and

"(5)  Teaching of psychology."

[2] We have considered our recent decision in Haynes v. Anderson, 304 Minn. 185, 232 N. W. 2d 196 (1975), and find it to be inapplicable to the facts of this case. The MMPI administered to plaintiff in the present action was not pursuant to court order. No objection was made by plaintiff at trial regarding the test's administration.

Plaintiff also alleges that juror bias against one of her former employers deprived her of a fair trial. Plaintiff alleges that the juror's mother-in-law had had difficulties with that company and thought badly of it. Had this come out during the voir dire, plaintiff's attorney would probably have exercised a peremptory challenge. However, this is an insufficient basis for ordering a new trial. See, Collins v. Bridgland, 296 Minn. 93, 206 N. W. 2d 652 (1973).

Affirmed.