Bruce **HUEPER**, a Minor Child, by Sharon Hueper, His Mother and Guardian, Respondent,

v.

Dean **GOODRICH** and John M. Neubauer, defendants and third party plaintiffs, Appellants,

v.

Arland **GREGOR**, et al., third party defendants, Respondents,

and

Emil W. **HUEPER**, et al., Respondents,

v.

Dean **GOODRICH** and John M. Neubauer, Appellants.

Nos. 47288, 47289.

Supreme Court of Minnesota.

Feb. 10, 1978.

---

Wm. J. Nierengarten, Austin, McLean, Peterson, Sullivan & Haugh and Charles T. Peterson, Mankato, for appellants.

Erickson, Zierke, Kuderer, Myster & Wilhelm, Charles R. Zierke and D. Gerald Wilhelm, Fairmont, for Bruce Hueper.

Farrish, Johnson, Maschka & Hottinger and R. G. Johnson, Mankato, for Gregor et al.

Dailey & Kunard, Mankato, Brecht, Hedeen & Hughes, Worthington, Blethen, Ogle, Gage & Krause, Mankato, for Emil W. Hueper et al.

Heard before TODD, SCOTT, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

These appeals are taken from an order of the trial court denying defendants' motions for judgment notwithstanding the special verdict or, alternatively, for a new trial. We affirm.

Bruce Hueper, the 13-year-old son of Emil and Sharon Hueper, was seriously injured on August 15, 1974, while riding as a passenger in a 1971 Dodge truck owned by Arland Gregor and being driven by Emil Hueper. The Gregor truck collided with a 1973 Ford tandem truck owned by Dean Goodrich and being driven by John M. Neubauer. Plaintiff Bruce Hueper brought suit for his personal injuries and special damages against defendants Neubauer and Goodrich. Plaintiffs Emil Hueper and Sharon Hueper brought suit for personal injuries, loss of services, and other special damages against the same defendants. In the Bruce Hueper case, Goodrich and Neubauer impleaded Emil Hueper and Arland Gregor as third-party defendants.

The two cases were consolidated for trial and tried to a jury on the sole issue of negligence. The jury found that both drivers were negligent; attributing 85 percent of the negligence to Neubauer, the driver of the Goodrich truck, and 15 percent of the negligence to Emil Hueper, the driver of the Gregor truck.

The accident giving rise to this litigation occurred in the late morning of August 15, 1974, at the intersection of Minnesota Highway No. 30 and Waseca County Road No. 3 in Waseca County. Both County Road No. 3 and Highway No. 30 are two-lane blacktop highways, each 24 feet in width. There is a turning apron at this intersection for westbound vehicles turning south, and northbound vehicles turning east.

Neubauer was proceeding in a westerly direction on Highway No. 30, intending to turn left, or south, at the intersection of County Road No. 3. Emil Hueper was proceeding in an easterly direction on Highway No. 30, intending to continue in that direction through the intersection.

As the trucks approached the intersection, Neubauer reduced the speed of the Goodrich truck to approximately 30 miles per hour and signaled a left turn. He observed the oncoming Gregor truck and believed that it was going to turn to its left, or north, on County Road No. 3 because he thought its left-turn signal was blinking.

Emil Hueper testified that he knew the Goodrich truck was slowing down and was signaling a left turn in front of him. He also testified that at no time was his own left-turn signal operating and that he proceeded straight through the intersection without slowing down.

Neubauer turned the Goodrich truck to the left in front of the Gregor truck and was struck broadside near the rear of the cab. Both trucks caught fire as a result of the collision.

At trial, various witnesses testified on the issue of whether the Gregor vehicle's left-turn signal was operating prior to and at the time of the accident. State trooper Myron Lofgren, who testified as an expert, stated that in his opinion the left-turn signal was not operating prior to and at the time of the accident. Dr. Ordean Anderson, an engineering specialist, was of the opinion that the left-turn signal was operating prior to and at the time of the accident.

State troopers Philip Hodapp and Ted Mikle, who had removed the left-turn signal bulb from the Gregor truck at the scene of the accident and examined it briefly by naked eye, were permitted to testify, over objection, that the left-turn signal was not operating at the time of the accident. Also, over objections, the third-party defendants introduced still photographs of a different but identical 1971 Dodge truck, which showed the operation of the left-turn signal at 1200, 500, and 100 feet, and a movie of that same truck under circumstances which differed from those at the time of the accident.

The court denied defendants' requested instruction on unavoidable accident and instructed the jury that it must find one, or the other, or both drivers negligent. Defendants took exception to this instruction.

The appeals raise three issues: (1) Whether the trial court erred in allowing state troopers Hodapp and Mikle to testify, as experts, on the issue of whether the left-turn signal in the Gregor truck was on at the time of the accident; (2) whether the trial court abused its discretion in allowing

into evidence two photographs and a movie, which illustrated the left-turn signal on a truck which was not the one involved in the accident, but which was identical to it; and (3) whether the trial court erred in instructing the jury that "[t]here was negligence in this accident and you must find only one or the other or both drivers negligent."

1. Defendants' first claim of error is that the trial court abused its discretion in permitting state troopers Philip Hodapp and Ted Mikle to testify, as experts, that the left-turn signal was not on at the time of the accident. There seems to be no argument that the subject of whether the left-turn signal was on or off at that time was a proper subject for expert testimony. Rather, defendants claim that the troopers lacked adequate knowledge, training, experience, and expertise to be of significant help to the jury in determining whether the left-turn signal was on or off. This contention is without merit.

■ The determination of whether a witness is sufficiently qualified to testify as an expert is left to the sound discretion of the trial court, whose ruling will not be reversed unless it is based on an erroneous view of the law or is clearly not justified by the evidence. *Hagen v. Swenson*, 306 Minn. 527, 236 N.W.2d 161 (1975); *Kastner v. Wermerskirschen*, 295 Minn. 391, 205 N.W.2d 336 (1973). It is generally not necessary that an expert witness be the most qualified person in his field in order to render his opinions at trial. All that is necessary is that he have some specialized knowledge or training which will be of some assistance to the jury. *Palmer v. Order of United Commercial Travelers*, 191 Minn. 204, 253 N.W. 543 (1934); 7 Wigmore, Evidence (3 ed.) § 1923. That knowledge may be gained through formal education or through years of occupational experience. *Kastner v. Wermerskirschen*, 295 Minn. 391, 394, 205 N.W.2d 336, 338; *Beckman v. Schroeder*, 224 Minn. 370, 377, 28 N.W.2d 629, 633 (1947).

■ In the instant case the evidence shows that troopers Hodapp and Mikle had a combined total of 38 years of experience in the field of accident investigation. Each had investigated 30 to 50 accidents per year as the primary investigator, and had assisted in an additional 30 to 50 accidents per year. Each officer had taken an extensive accident reconstruction course, part of which was allocated to the effect automobile collisions have on turn-signal light filaments. Each had been involved in investigating about five or six accidents in which the examination of vehicular light bulbs was required. While these officers may not have been the most qualified experts available, their experience in accident investigation was ample and their knowledge of the effect an accident has on vehicle light filaments and signals, although limited, was certainly more than the lay person's knowledge of these things. It was for the jury, as the ultimate trier of fact, to consider their qualifications and determine the weight to be given their opinions. *Koenigs v. Thome*, 226 Minn. 14, 31 N.W.2d 534 (1948). Clearly, the trial court did not abuse its broad discretion in allowing the troopers to testify as experts.

2. Defendants next complain that the trial court improperly admitted into evidence two photographs and a movie, which were intended to illustrate the visibility of the turn-signal light on the Gregor vehicle from varying distances. They argue that the photographs and movie lacked foundation because they were taken of a different truck, during a different season, in a different geographical area, and under different weather conditions.

■ The general rule, as with the expert testimony, is that the admission of photographic evidence is a matter which rests largely in the sound discretion of the trial court, and, absent a clear abuse of that discretion, the trial court's ruling will not be overturned. *Reikow v. Bituminous Const. Co. Inc.*, 302 Minn. 316, 321, 224 N.W.2d 921, 925 (1974). This is particularly true where the photographs, as in this case, are intended to serve only as illustrations in aid of oral testimony. 2 Scott, Photographic Evidence (2 ed.) § 1021. Where the purpose of the photographs and movie was not

to portray the area of the accident or the conditions under which the accident took place, but only to illustrate the visibility of the turn-signal light on a truck which was identical to the Gregor truck from varying distances, the fact that the photographs and movie were taken under different weather conditions and in a different geographical area and time is not prejudicial. As is stated in 2 Scott, Photographic Evidence (2 ed.) § 1025, p. 345:

"As far as a photograph of a physical object is concerned *the fact that the photographed object is not in the same position or location it was in at the time in question does not constitute a change of conditions if the representation of the object rather than its relation to other objects is the fact sought to be shown.*" (Emphasis added.)

See, also, *Miller v. State*, 94 Ga.App. 259, 94 S.E.2d 120 (1956).

Furthermore, remoteness in time and changed conditions will not render a photograph inadmissible unless the court first determines that the changes or differences in time, area or conditions are prejudicial or in some way misleading. *O'Neil v. Potts*, 130 Minn. 353, 153 N.W. 856 (1915); *Offutt v. Pennoyer Merchants Transfer Co.*, 36 Ill.App.3d 194, 343 N.E.2d 665 (1976). Defendants have failed to show that the photographs and movie were misleading or damaging to their case in any way.

It is of no significance that a different 1971 Dodge truck, identical in make, color, year, and model to the truck owned by Arland Gregor at the time of the accident, was the subject of the photographs and movie. By the weight of authority, photographs of objects similar or identical to the objects involved in the case are clearly admissible into evidence when properly verified. *Lewis v. Chicago Great Western R. Co.*, 155 Minn. 381, 193 N.W. 695 (1923); 2 Scott, Photographic Evidence (2 ed.) § 1145. Defendants also had ample opportunity on cross-examination to list and explain the differences between the truck and the surroundings portrayed in the photographs and movie and the actual truck and accident scene. We find no error.

3. Defendants also contend that the trial court erred when it denied their requested instruction on unavoidable accident and instead instructed the jury that "[t]here was negligence in this accident and you must find only one or the other or both drivers negligent."

An examination of the record indicates that there is no evidence to support a finding of unavoidable accident in this case. Instructions not sustained by the evidence should not be given and requests therefor are properly refused. *Macy v. St. Paul & Duluth R. Co.*, 35 Minn. 200, 28 N.W. 249 (1886); *Thoen v. Lanesboro School Dist. No. 229*, 296 Minn. 252, 256, 209 N.W.2d 924, 927 (1973). In light of the fact that there was no evidence to support a finding of unavoidable accident, the trial court's instruction to the jury that it must find one, the other, or both drivers negligent was a fair and proper statement of the law. *Rahja v. Current*, 264 Minn. 465, 470, 119 N.W.2d 699, 702 (1963).

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.