Ernest G. SORENSEN, et al.,
Appellants,

v.

Rollen Vesley MASKI, Respondent.

No. C3–84–986.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Richard C. Smith, Minneapolis, for appellants.

Gregory M. Weyandt, Jeanne Hvass Unger, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Heard, considered, and decided by CRIPPEN, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

CRIPPEN, Judge.

Appellant sustained injuries in an automobile/motorcycle collision. The trial court jury found that appellant sustained $50,000 in damages, but found he was 72% at fault. Appellant contends the trial court erred in evidentiary rulings. We affirm.

## FACTS

On June 9, 1980, at approximately 5:30 p.m., appellant Ernest Sorensen was traveling home from work on his motorcycle, proceeding westerly on Highway 12. The speed limit on that section of the road was 35 miles per hour. Appellant hit respondent's car as respondent was crossing Highway 12 at Budd Avenue, and appellant sustained injuries.

An officer who arrived on the scene noted a skidmark. He measured it, beginning at the point where the debris was found at the intersection. He noted that it basically followed the contour of the westbound lane of Highway 12, and that it measured 121 feet. Appellant testified at trial that he skidded only 20 feet.

The accident reconstructionist testifying for respondent concluded that the minimum speed of appellant's motorcycle at the first visible skid mark was 50–52 miles per hour. The witness considered the length of the skidmark, the accident report, the investigation report, statements, depositions, photographs of the accident scene, and a view of the scene.

Appellant attempted to cross-examine the accident reconstructionist about statements from a treatise. The trial court sustained the respondent's hearsay objection on the grounds that the text had not been established as authoritative by an expert.

The trial court jury returned a verdict in favor of respondent, finding that appellant was 72% negligent and respondent was 28% negligent.

### ISSUES

1. Did the trial court abuse its discretion by determining that sufficient foundation existed for the expert's opinion?

2. Did the trial court err by refusing to allow appellant to cross-examine the accident reconstructionist about statements contained in a published treatise, where the treatise had not been recognized as authoritative by an expert at trial?

### ANALYSIS

#### 1.

■ Appellant contends there was insufficient foundation for the expert's opinion. Specifically, he argues that there was insufficient evidence to show that his motorcycle made the skidmark which the expert used in a formula to determine appellant's speed. A decision on sufficiency of foundation is within the discretion of the trial court. *McNab v. Jeppesen*, 258 Minn. 15, 17, 102 N.W.2d 709, 711 (1960). The decision will not be reversed absent a showing of a clear abuse of discretion. *Dunshee v. Douglas*, 255 N.W.2d 42, 47 (Minn.1977).

Appellant argues that there was no testimony as to whether other skidmarks were at the accident scene; no comparison with appellant's tires; and no testimony to show

that other vehicles did not make the skidmark.

However, the officer saw the position of the motorcycle when he arrived on the scene and measured the skidmark, and the mark followed the contour of the road from the point where the debris was found. Further, appellant's own testimony supports the argument that the skidmark was made by his motorcycle: he testified that his motorcycle began to skid; when he hit the brakes he skidded in a straight or slightly curved line; and his motorcycle stopped when the vehicles collided.

■ The trial court did not abuse its discretion in determining that there was sufficient foundation for the opinion of the accident reconstructionist.

■ Appellant contends that even if the link between his vehicle and the 121 foot skidmark was such that the accident reconstructionist's opinion was admissible, the link was, at most, weak, and the danger of misleading the jury was substantial. Minn. R.Evid. 403. There was nothing particularly confusing or misleading about this testimony.

■ Finally, appellant states that the supreme court has never favored admission of experts as to speed. While it is true that eyewitness testimony is preferred, the opinion of an expert as to speed is acceptable. *See LeMieux v. Bishop*, 296 Minn. 372, 378, 209 N.W.2d 379, 383 (1973).

The trial court has broad discretion to determine whether testimony by a qualified expert should be received. *State v. Helterbridle*, 301 N.W.2d 545, 547 (Minn.1980). The decision here was within its discretion.

#### 2.

During cross-examination, appellant attempted to question the reconstructionist about statements from an accident reconstructionist treatise. The trial court sustained respondent's objection to this line of questioning on hearsay grounds.

Rule 803(18) of the Minnesota Rules of Evidence provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \*

To the extent called to the attention of an expert witness upon cross-examination or relied upon by him in direct examination, statements contained in published treatises, \* \* \* established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice.

■ The reconstructionist did not recognize the treatise as authoritative, and appellant did not attempt to establish its reliability through his own expert witness.

■ Appellant contends that he should nevertheless be allowed to cross-examine an expert by means of a learned treatise under Rule 803(18). We do not agree. The rule applies to a treatise "established as a reliable authority."

3.

Our review was hampered by a poor record. The testimony of two primary witnesses was read to the jury from depositions and the record excludes the reading, objections of counsel, and arguments and rulings on objections. The parties have furnished a report showing the parts of the depositions which were read.

■ The appellant is responsible for an adequate record. *Custom Farm Services, Inc. v. Collins*, 306 Minn. 571, 572, 238 N.W.2d 608, 609 (1976). Nonetheless, we disapprove of the trial court's acquiescence in neglect of the record on the taking of testimony from the deposition.

## DECISION

There was no reversible error in the trial court's evidentiary rulings.

Affirmed.