**James W. BOGUT, Respondent,**

v.

**Carol Ann Brogmus JANNETTA, Appellant,**

**Chicago Northwestern Transportation Co., Defendant.**

No. C3–87–307.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Terry L. Mitchell, Minneapolis, for respondent.

James E. Lindell, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions whether appellant is entitled to a new trial on the issue of damages, based on the jury's failure to award appellant any damages, even though the jury found that appellant suffered permanent injury as a result of a 1980 automobile accident. We reverse and remand.

## FACTS

Respondent James W. Bogut commenced a personal injury action against appellant Carol Ann Brogmus Jannetta and her employer, the Chicago Northwestern Transportation Company, as a result of a motor vehicle collision in May 1980. Appellant counterclaimed, alleging that she suffered personal injuries in the accident. Respondent settled his claim, and the case proceeded to trial on appellant's counterclaim. Appellant testified that she did not have any special damages, past or future. She lost no wages, and her medical bills were covered by insurance. Thus, the jury was presented solely with the issue of noneconomic damages.

The parties submitted a stipulation of facts for this appeal. The stipulation includes the testimony of Dr. Ferraraccio, an orthopedic surgeon, who testified on behalf of appellant. Ferraraccio testified that appellant was treated at a hospital emergency room for pain in her left shoulder immediately following the accident. Approximately two years after the accident, appellant visited Ferraraccio regarding pain in her left shoulder that was present on a continual basis and in variable intensity. Appel-

lant reported that the worst pain was in the area between the collarbone and the shoulder blade. An aching discomfort in the entire shoulder area was described by appellant. She reported pain and stiffness in her neck, particularly when turning her head. Movements of the arm, particularly when moving the arm away from the chest wall, aggravated her discomfort.

Ferraraccio diagnosed appellant's injury as soft tissue damage to the left shoulder. He felt that some of the muscles or ligament fibers may have been stretched or partially torn. He concluded that as a result of this, and probably some resulting scar tissue, appellant has low grade inflammation in the joint.

Ferraraccio recommended that appellant avoid repetitive use of the extremity and avoid raising the arm to shoulder level or above. In addition to these limitations, he suggested that appellant regulate her activities depending on her own level of comfort or discomfort. The doctor noted that appellant had previously experienced stomach problems when taking one type of anti-inflamatory medication, and thus suggested she continue taking aspirin for the discomfort.

By special verdict, the jury found that appellant suffered a permanent injury as a result of the accident. The jury apportioned fault for appellant's injury and found that appellant was 50% at fault and respondent was 50% at fault. Although the jury found a permanent injury caused by the accident, the jury awarded zero damages for past and future noneconomic loss.

Appellant Jannetta made a motion for a new trial on the issue of damages only, claiming that the jury's award of zero damages was insufficient, appearing to have been given under the influence of passion or prejudice. The trial court denied appellant's motion for a new trial, concluding that the evidence did not demonstrate juror passion or prejudice influenced the verdict.

## ISSUE

Did the trial court err in denying appellant's motion for a new trial on the issue of damages?

## ANALYSIS

Appellant claims the trial court abused its discretion in denying her motion for a new trial because the jury's verdict of zero damages was inadequate. *See Williamson v. Furch,* 304 Minn. 558, 558–59, 229 N.W.2d 39, 40 (1975). *See also* Minn.R. Civ.P. 59.01(5) (trial court may award new trial on the issue of damages when the jury, apparently under the influence of passion or prejudice, awards insufficient damages).

█ In *Williamson,* the supreme court reversed a judgment of no damages where uncontradicted evidence showed the plaintiff was injured in an accident caused partly by the defendant's negligence. *Williamson,* 304 Minn. at 559, 229 N.W.2d at 40. Here, the judgment not only conflicts with evidence in the case but conflicts with a specific jury finding that appellant suffered permanent injury as the result of a collision involving fault of both parties. In addition, the trial court noted that the jury decided the damages issue in order to prevent a recovery, "in light of the fact that [appellant] bore 50% of the responsibility for the collision;" the trial court deemed this approach of the jury "reasonable." We conclude the jury's approach was error as a matter of law. *See* Minn.Stat. § 604.-01, subd. 1 (1986) (contributory fault shall not bar recovery if it is not greater than the defendant's fault).

Although appellant's motion to the trial court and the court's ruling on that motion focus on Rule 59.01, it is evident that the jury's damage determination is also vulnerable to challenge on the basis of law governing inconsistency of the jury's answers to a special verdict. Upon finding that appellant suffered permanent injuries that were caused by the accident, the jury inconsistently answered that appellant was not entitled to any compensation for her injuries. This situation is governed by prior cases involving inconsistent answers. *See, e.g., Meinke v. Lewandowski,* 306 Minn. 406, 237 N.W.2d 387 (1975) (jury's finding that the negligence of plaintiff and one

defendant were not the cause of plaintiff's damages was inconsistent with jury's apportionment of damages to those parties); *Dubbe v. A.O. Smith Harvestore Products, Inc.,* 399 N.W.2d 644 (Minn.Ct.App. 1987) (jury's finding that defendant's misrepresentations were not the cause of plaintiff's loss was inconsistent with jury's award of damages to plaintiff), *pet. for rev. denied,* (Minn. Mar. 13, 1987).

■ Given the inconsistent answers in the special verdict, the trial court should have attempted to cure the defect by one of various methods. A court may (1) render judgment against the party having the burden of proof; (2) order a new trial; (3) send the jury back for further deliberations; or (4) reconcile the inconsistent answers by using the court's powers of interpretation or power to partially direct a verdict where the jury's response must be changed as a matter of law. *Meinke,* 306 Minn. at 412, 237 N.W.2d at 391–92.

■ Appellate courts have, on occasion, reconciled answers based on the trial court record. *See, e.g., Verhel v. Independent School District No. 709,* 359 N.W.2d 579, 592–93 (Minn.1984); *Bakke v. Rainbow Club, Inc.,* 306 Minn. 99, 104–05, 235 N.W.2d 375, 379 (1975). Appellate courts also may direct that one of the answers be changed as a matter of law. *See, e.g., Orwick v. Belshan,* 304 Minn. 338, 343–44, 231 N.W.2d 90, 94–95 (1975). However, neither trial courts nor appellate courts can interfere with the jury's fact-finding role. *Meinke,* 306 Minn. at 412–13, 237 N.W.2d at 392.

■ The evidence here supports the jury's finding that appellant suffered a permanent injury as a result of the accident, and conflicts with the inconsistent finding of zero damages. Specifically, her expert witness testified that appellant suffered a "permanent injury" to her shoulder, and that appellant's arm and shoulder movement were restricted as a result of this injury. Dr. Ferraraccio's testimony, that the condition of appellant's shoulder is consistent with an injury occurring in the course of appellant's earlier automobile accident, supports the jury's finding on cau-

sation. Although respondent presented evidence that questioned whether appellant aggravated the injury in the course of handling a heavy mail bag, the stipulation of facts contains no reference to evidence contradicting appellant's claim that the initial injury occurred as a result of the accident.

In addition, as was noted earlier, it was evident to the trial judge, and confirmed by a review of the record, that the jury's inconsistent findings of zero damages was motivated by the jury's opinion of law on appellant's right of recovery.

The jury's finding on permanent injury and causation is irreconcilable as a matter of law with its award of zero damages and the damage award must be redetermined. In addition, appellant is entitled to Rule 59.01 relief based on the inadequacy of the damages award as a matter of law. We remand the case for a new trial confined to the issue of appellant's damages. *See Williamson,* 304 Minn. at 559, 229 N.W.2d at 40.

## DECISION

The trial court's denial of appellant's motion for a new trial on the issues of damages is reversed, and the matter is remanded for trial of that issue.

Reversed and remanded.