**McKAY'S FAMILY DODGE, Respondent,**

v.

**HARDRIVES, INC., Appellant.**

No. C2-91-965.

Court of Appeals of Minnesota.

Jan. 28, 1992.

Review Denied March 26, 1992.

Kevin A. Spellacy, Michael L. Antoline, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for appellant.

William R. Joyce, James B. Sheehy, Faegre & Benson, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., PETERSON, and FOLEY,* JJ.

## OPINION

HUSPENI, Judge.

Appellant challenges the trial court refusal to grant its motion for judgment notwithstanding the verdict or alternatively a motion for new trial based upon alleged insufficient evidence, admission of improper evidence, and refusal to instruct the jury on the issue of contributory negligence. Appellant also claims that the trial court erred in its award of prejudgment interest. We affirm in part, reverse in part and remand.

## FACTS

Appellant Hardrives, Inc. is a Minnesota corporation which owns and operates an asphalt recycling plant in St. Cloud, Minnesota. Respondent McKay's Family Dodge ("McKay's") is an automobile dealership located in St. Cloud approximately four-tenths of a mile from Hardrives' plant.

Beginning in the spring of 1985, respondent began to notice small yellow residue spots on the vehicles in its lot. When the residue was removed, it left corrosion damage on the cars' finish. The problem continued during the summer months for the next several years. According to respondent, the residue appeared on days in which the winds blew smoke from appellant's plant toward the dealership.

In May of 1988, respondent brought suit against appellant and alleged negligence, nuisance, and trespass for damage to its cars. During trial, respondent failed to produce any direct evidence that appellant's plant caused the damage to the cars. However, respondent introduced the testimony of several expert witnesses who offered circumstantial evidence that emissions from appellant's plant were responsible for the damage. The jury found that appellant had negligently operated its asphalt plant, and that this negligence was the proximate cause of the damage to respondent's cars. The trial court entered judgment on behalf of respondent and ordered appellant to pay costs, disbursements, and prejudgment interest.

## ISSUES

1. Did the trial court err in refusing to grant appellant's motion for judgment notwithstanding the verdict?

2. Did the trial court err in refusing to grant a new trial?

3. Did the trial court err in its award of prejudgment interest?

## ANALYSIS

### I.

The decision whether to grant judgment notwithstanding the verdict ("JNOV") is a pure question of law, and this court will review the trial court's decision de novo. *Johnson v. Southern Minnesota Mach. Sales, Inc.*, 442 N.W.2d 843, 846 (Minn. App.1989), *pet. for rev. denied* (Minn. Sep. 21, 1989).

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

Appellant claims it is entitled to JNOV for two reasons: First, because the verdict is not supported by sufficient evidence; and, second, because the evidence equally supports two or more inferences, and, therefore, the jury's verdict must have been based on conjecture. We disagree.

## A. *Evidentiary Support*

■ The Minnesota Supreme Court has held that:

[JNOV] "may be granted only when the evidence is so overwhelmingly on one side that reasonable minds cannot differ as to the proper outcome." In applying this standard, (1) all evidence, including that favoring the verdict, must be taken into account, (2) the evidence is to be viewed in the light most favorable to the verdict, and (3) the court may not weigh the evidence or judge the credibility of the witnesses.

*Lamb v. Jordan,* 333 N.W.2d 852, 855 (Minn.1983) (quoting 4 D. McFarland & W. Keppel, Minnesota Civil Practice § 2402 (1979 and Supp.1982)) (other citations omitted). "Unless the evidence is practically conclusive against the verdict, we will not set the verdict aside." *Sandhofer v. Abbott–Northwestern Hosp.,* 283 N.W.2d 362, 365 (Minn.1979).

■ Appellant claims that the testimony of respondent's experts was lacking in sufficiency and relevancy, and should be accorded no evidentiary weight. Even if we were to agree that the testimony of these experts was improperly admitted, such an error will not support the granting of JNOV. "The rule is well established in this state that judgment notwithstanding the verdict will never be granted for errors in either law or procedure committed at the trial." *Coble v. Lacey,* 252 Minn. 423, 433, 90 N.W.2d 314, 322 (1958). Moreover, viewing all of the evidence in a light most favorable to the verdict, the record contains sufficient evidence to support the verdict.

■ Respondent's general manager testified that when the wind blew from the southeast he saw emissions from appellant's plant blowing toward respondent's lot. He further testified that the wind generally blew out of the southeast during the months in which the residue appeared on the cars. Another witness also testified that when the wind blew from the southeast she could see emissions from appellant's plant blowing toward the dealership.

An inspector for the Minnesota Pollution Control Agency ("MPCA"), testified that he had inspected appellant's plant and found appellant in violation of its emissions permit in 1985 and 1986. In the opinion of the inspector, appellant had not done a reasonable job in maintaining its pollution control equipment between 1985 and 1988.

One of respondent's experts testified that electron microscope analysis of samples taken from respondent's lot indicated that the residue found on the cars consisted of highly corrosive fly ash, and that the samples taken were of the type he would expect to result from the burning of fuel oil. A second expert testified that respondent's lot lies just beyond the peak of the dispersion pattern for emissions from appellant's plant.

Appellant offered the testimony of two experts to contradict respondent's experts. The first of appellant's expert witnesses testified that samples he had taken from respondent's lot were of a neutral acidity and had a negligible corrosive sulfur content. However, on cross-examination, he admitted that his tests were less sophisticated than the electron microscope analysis conducted by respondent's expert.

Appellant's second expert witness offered a dispersion analysis which differed significantly from that offered by respondent, and indicated that appellant's plant could not have emitted any more than a tiny fraction of the fly ash observed on respondent's cars.

Clearly, the parties submitted conflicting testimony. However, the evidence unweighed and viewed in a light most favorable to the verdict, *Lamb,* 333 N.W.2d at 855, is not "practically conclusive against the verdict." *Sandhofer,* 283 N.W.2d at 365. Accordingly, the trial court correctly denied appellant's motion for JNOV.

## B. *Multiple Inferences*

■ Appellant claims that the evidence equally sustains two or more inferences as to the source of the corrosive residue, and, therefore, the jury's finding of causation could only be based on conjecture. Again, we disagree.

"Where circumstantial evidence reasonably permits different inferences, the choice of the inference to be drawn rests with the factfinder." *Fogarty v. Martin Hotel Co.*, 257 Minn. 398, 403, 101 N.W.2d 601, 605 (1960).

> In order to support a particular verdict, circumstantial evidence need not be such that it must exclude every other theory, but the *theory embraced by the verdict must outweigh any conflicting inferences.*

*Republic Nat'l Life Ins. Co. v. Marquette Bank & Trust Co.*, 312 Minn. 162, 168, 251 N.W.2d 120, 124 (1977) (emphasis added).

Appellant claims that it is equally likely that road salt or concrete dust caused the corrosion. We cannot agree. While these theories may be plausible, they are not equally likely. Rather the decision as to which of these possible sources is the cause of the corrosion depends on the credibility of the expert witnesses.

■ Where expert witnesses offer conflicting opinions, it is "for the jury, as the ultimate trier of fact, to consider their qualifications and determine the weight to be given their opinions." *Hueper v. Goodrich*, 263 N.W.2d 408, 411 (Minn.1978); *see also Romanik v. Toro Co.*, 277 N.W.2d 515, 518 (Minn.1979) ("Conflicts in expert testimony are to be resolved by the jury").

According to the testimony of respondent's expert witness, the corrosive residue is not consistent with either road salt or cement dust. Viewing this evidence unweighed and in a light most favorable to the verdict, *Lamb,* 333 N.W.2d at 855, we cannot say that the evidence equally supports two or more inferences. Therefore, it would be improper to grant JNOV on this basis.

## II.

The decision "[w]hether to grant a new trial rests solely in the discretion of the trial court and will be reversed on appeal only for clear abuse of that discretion." *Benson v. Rostad,* 384 N.W.2d 190, 194 (Minn.App.1986).

> Unlike a motion for judgment notwithstanding the verdict which raises a purely legal question, the new trial motion presents a factual question, where the reviewing judge may properly weigh the evidence.

*Lamb,* 333 N.W.2d at 855.

Appellant claims that it is entitled to a new trial on three grounds: First, because the trial court erred in refusing to instruct the jury on the issue of contributory negligence; second, because the verdict is not supported by the weight of the evidence; and, third, because the trial court erred in admitting certain evidence. We shall address each of the these bases in order.

## A. *Comparative Fault Instruction*

■ Minn.Stat. § 604.01, subd. 1a (1990) provides:

> "Fault" includes acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or others * * *. The term also includes * * * *unreasonable failure to avoid an injury or to mitigate damages.*

(Emphasis added.)

> Generally, the question of contributory negligence is one for the jury. Only if different minds can reasonably arrive at but one result does the issue become one for the court to decide.

*Danielson v. Johnson,* 366 N.W.2d 309, 313 (Minn.App.1985) (citations omitted), *pet. for rev. denied* (Minn. June 24, 1985).

Appellant alleges that the trial court committed reversible error when it refused to instruct the jury to consider respondent's comparative fault, and refused to include questions as to that comparative fault on the special interrogatories to the jury. We agree.

Respondents clearly had a duty to take all reasonable steps necessary to prevent or mitigate damages. Minn.Stat. § 604.01, subd. 1a. The evidence presented at trial allowed a reasonable inference that respondent could have prevented or mitigated its damages by more regularly washing its cars. The owner of a car dealership located near respondent's lot testified that he washed his cars whenever they became dirty, and never experienced the corrosion damage claimed by respondent. In contrast, testimony from respondent's witness on this issue was that the cars in respondent's lot often became dusty, but the washing service hired by respondent only washed respondent's cars every other week. This fact could have allowed a jury reasonably to find that respondent could have prevented or reduced its damages through more frequent washings.

Respondent correctly points out that the auto sales business of appellant's witness was significantly different than that of respondent. While such differences may affect the weight to be given the witness' testimony, this fact alone does not render the issue of respondent's comparative fault one on which "different minds can reasonably arrive at but one result." *Danielson*, 366 N.W.2d at 313.

Historically, Minnesota courts have liberally applied comparative fault principles, "even to situations in which other jurisdictions have refused such application." *Tomfohr v. Mayo Found.*, 450 N.W.2d 121, 123 (Minn.1990). The record here contained sufficient evidence to allow the issue of respondent's comparative fault to go to the jury, and failure to give the appropriate instruction and verdict interrogatory on the comparative fault of the parties was reversible error. *See, e.g., Line v. Nourie*, 298 Minn. 269, 273, 215 N.W.2d 52, 54 (1974). We reverse on this issue and direct a new trial be held on the issue of liability only.

## B. *Sufficiency of the Evidence*

■ Because we are remanding for a new trial on the issue of liability, we need not address the issue of sufficiency of evidence. We note that the standard for granting a new trial is not as demanding as the standard for JNOV. *Lamb*, 333 N.W.2d at 856. In deciding whether to grant a motion for new trial, the trial court must:

> consider the evidence in a light most favorable to the prevailing party and must sustain the verdict unless it is manifestly contrary to the evidence.

*Benson*, 384 N.W.2d at 194. The record is sufficient to meet this standard. Although the parties' experts reached different conclusions as to the source and corrosiveness of the residue, it was for the jury to resolve the conflicting testimony. *Hueper*, 263 N.W.2d at 411.

## C. *Evidentiary Issues*

We address the evidentiary challenges raised by appellant solely to aid the court and the parties in the event these issues recur on retrial.

### 1. *Expert Witness Testimony Regarding Samples*

Appellant claims that the trial court erred in admitting the testimony of respondent's expert regarding his chemical analysis of samples taken from respondent's lot in 1990. Appellant argues that the samples taken in 1990 were not relevant because a new Hardrives plant was built in 1990 and respondent failed to establish that the new plant was similar to the plant which allegedly produced the residue.

■ "The trial court's decisions on relevancy objections will not be reversed unless there is an abuse of discretion." *Bresson v. Stoskoph*, 370 N.W.2d 80, 83 (Minn. App.1985), *pet. for rev. denied* (Minn. Sep. 13, 1985); *see also Raleigh v. Independent Sch. Dist. No. 625*, 275 N.W.2d 572, 576 (Minn.1978) ("The trial court has wide latitude in determining relevant evidence, and its decision controls unless this discretion was abused"). Similarly, "[a] decision on sufficiency of foundation is within the discretion of the trial court." *Sorensen v. Maski*, 361 N.W.2d 498, 500 (Minn.App. 1985).

Relevant evidence is defined as:

evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Minn.R.Evid. 401.

■■■ When appellant objected to the admission of the challenged testimony, the trial court properly instructed the jury that:

> There is no claim for damages in 1990, and the plant, that is the actual Hardrives plant burning the fuel oil, making the blacktop, was a different plant in 1990. * * * [T]he plant that was there had been taken down and * * * moved * * * in 1990.

The trial court's instructions clearly indicated to the jury the inherent limitations in this expert's testimony regarding the samples taken in 1990. Given this instruction, it was not an abuse of discretion for the trial court to allow the jury to evaluate for itself the weight to give this evidence.

### 2. Dispersion Analysis

■■■ Appellant argues that the dispersion analysis conducted by respondent's expert was improperly admitted because it was prepared for sulfur dioxide ("SO2") and not fly ash, that the expert admittedly used limited climatological data in preparing the analysis, and that the analysis was based on a "worst case scenario" of maximum allowable output under appellant's MPCA permit. While these factors affect the weight to be given the evidence, they do not render the evidence irrelevant. The expert testified that the dispersion of fly ash would "parallel" the dispersion curve for SO2. In view of the wide discretion afforded the trial court in deciding issues of relevancy, we find no abuse of discretion in admitting this testimony. *Bresson,* 370 N.W.2d at 83; *Sorensen,* 361 N.W.2d at 500.

### 3. MPCA Stipulation Agreement

■■■ Appellant claims that the trial court improperly admitted a portion of a stipulation agreement between appellant and the MPCA. We cannot agree. The portion of the agreement admitted into evidence merely indicates that a notice of violation was issued to appellant in 1985. The exhibit did not contain an admission that a violation in fact occurred. Therefore, the trial court did not violate the prohibition against admission of evidence of offers to compromise a claim. Minn.R.Evid. 408.

### 4. Emission Reports

■■■ Appellant claims that reports of emissions violations were irrelevant. Because fly ash constitutes only a small percentage of the plant's particulate emissions, appellant argues that the fact that excessive particulate emissions were observed does not establish that the plant was producing excessive fly ash. While this circumstance may bear on the weight to be given the evidence, it need not conclusively establish a fact in dispute in order to be relevant. *See* Minn.R.Evid. 401.

### 5. Redirect Examination of Appellant's Expert

■■■ While appellant claims that it was prejudiced by the trial court's decision to allow respondent to recall its expert, we conclude it is within the discretion of the trial court to determine the manner in which evidence is admitted. *Lines v. Ryan,* 272 N.W.2d 896, 902 (Minn.1978). The trial court did not abuse that discretion here.

### III.

■■■ Finally, appellant claims that the trial court erred when it granted respondent prejudgment interest from the time the court granted respondent's motion to amend its complaint rather than from the time the amended complaint was served. We do not agree.

"The awarding of costs and disbursements is discretionary." *Peterson v. City of Elk River,* 312 N.W.2d 243, 246 (Minn. 1981). The judge who granted respondent's motion to amend its complaint did not issue a written order. The trial court in this case ruled that respondent should not be prejudiced by the failure to issue a

written order, and accordingly began the accrual of prejudgment interest at the date of the order. Such a ruling was not an abuse of discretion.

## DECISION

The trial court did not err in refusing to grant appellant's motion for judgment notwithstanding the verdict where evidence was not practically conclusive against the verdict. The trial court did err in refusing to grant appellant's motion for a new trial based on its refusal to instruct the jury on the comparative fault of the parties and to include appropriate special verdict interrogatories when appellant had produced evidence supporting the inference that more frequent washings of respondent's cars would have prevented or reduced respondent's damages. The trial court did not err in ordering that prejudgment interest accrue from the date of the order allowing respondent to amend its complaint. Remanded for retrial on issue of liability only.

Affirmed in part, reversed in part and remanded.