## LEE WORDEN v. JOHN GANGELHOFF AND OTHERS. LYON FOOD PRODUCTS AND ANOTHER, RESPONDENTS.

241 N. W. 2d 650.

April 23, 1976—No. 45928.

*Frauenshuh & Fahlberg* and *Ronald R. Frauenshuh,* for appellant.

*Quinlivan & Williams, Richard Quinlivan, Mahoney, Dougherty & Mahoney, Thomas E. Dougherty,* and *John E. Simonett,* for respondents.

Heard before Todd, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

ROBERT J. BREUNIG, JUSTICE.*

Plaintiff appeals from an order denying his motion for judgment n. o. v. or in the alternative for a new trial. We affirm.

Defendants Lyon Food Products and Olsen Fish Company, a. k. a. Olfisco, Inc., are processors of lutefisk, a codfish soaked in caustic soda to prepare it for cooking prior to human consumption. They considered the trimmings from this process to be garbage and gave them to defendant John Gangelhoff in exchange for his service in removing the trimmings. Gangelhoff sold the trimmings to plaintiff, who is a mink rancher, representing that they were good mink food. Plaintiff fed the trimmings to his

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

mink without knowing that caustic soda was used in processing lutefisk. Thereafter, he lost a substantial number of his breeding adults and kits.

At trial, plaintiff attempted to prove that Lyon and Olfisco knew or should have known that the trimmings were being sold by Gangelhoff as mink feed, that Gangelhoff was their agent for the distribution of such feed; and that consumption of this feed caused the death of plaintiff's mink. Expert opinion on the causation issue was conflicting. The trial court held there was no agency and refused to instruct the jury on theories of strict liability, breach of implied warranty, and negligence per se based on violation of the Minnesota Commercial Feed Law, Minn. St. c. 25. The only theories upon which the case was submitted to the jury were simple negligence and contributory negligence. In a special verdict, the jury found all defendants negligent and plaintiff contributorily negligent. However, the jury did not find the negligence of any party to have been the direct cause of plaintiff's loss.

On appeal, plaintiff does not argue that the evidence was insufficient to support the jury verdict on causation. Rather, he argues that the jury might have reached a different verdict on causation if it had been instructed as to other theories of liability. This argument has no merit unless plaintiff's burden of proof on the issue of causation would have been easier under theories other than negligence. Yet that burden is the same.

"The proof required of a plaintiff seeking to recover for injuries from an unsafe product is very largely the same, whether his cause of action rests upon negligence, warranty, or strict liability in tort.

"On any of the three bases of liability, the plaintiff has the initial burden of establishing three things. *The first is that he has been injured by the product.* * * * The second is that the injury occurred because the product was defective, unreasonably unsafe. * * * The third is that the defect existed when the pro-

duct left the hands of the particular defendant." (Italics supplied.) Prosser, Torts (4 ed.) § 103.

Only after plaintiff has proved these three elements would jury instructions on alternative theories of products liability be significant. Under simple negligence, it would be necessary to prove that the defect in the product was caused by defendants' lack of due care. Negligence per se based on violation of the Commercial Feed Law would make it easier to prove lack of due care. Strict liability or breach of implied warranty would ease plaintiff's burden still further by dispensing altogether with the need to prove lack of due care. But, having failed to prove causation, plaintiff never reached the point where jury instructions on other theories of liability could have made a difference in the result. Thus, the issue raised on appeal is moot.

Affirmed.