Paula WOJCIECHOWSKI, Appellant,

v.

WILLIAM D. STANLEY SHOWS, INC., Respondent.

No. C9–85–842.

Court of Appeals of Minnesota.

Dec. 3, 1985.

Martin Berg, Roseau, for appellant.

Cyril J. Mergens, Warroad, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Paula Wojciechowski brought this action alleging negligence, products liability, and breach of warranty against the operator of a county fair after appellant was injured by a broken pop bottle won as a prize at the fair. At the close of the evidence, over objection, the trial court required appellant to elect a remedy and appellant chose negligence. By special verdict, the jury found that respondent's negligence was not a direct cause of appellant's injury. We affirm.

## FACTS

At the time of the injury in 1975, appellant was eleven years old. Her 16-year old cousin won a decorative pop bottle from respondent. The pop bottle had been heated and stretched at the neck in order to make it ornamental. The bottle was won at a booth where patrons paid a quarter to throw rings over the tops of the stretched bottles. The 16-year old cousin gave the bottle to another cousin, Joanne Bachmeier, age 14, with whom appellant was staying overnight.

Joanne testified that she and appellant were making the bed when a blanket hit the bottle, causing it to fall on the floor and break. She stated that she placed the broken bottle on the dresser, and that Paula was aware that the bottle was broken and that it had been placed on the dresser. Paula testified that she did not see the bottle at all prior to the injury and was not in the room when it was broken. When the bottle broke, a knife-like sliver remained where the neck had been.

The next morning after Paula awoke, she bent over the dresser searching for her eyeglasses or looking in a jewelry box. She poked her left eye into the top of the bottle and suffered serious injury.

## ISSUES

1. Did the trial court abuse its discretion in not imposing sanctions for respondent's failure to provide notice of witnesses to be called?

2. Did the trial court abuse its discretion in not allowing an engineering expert to give his opinion on whether the alleged defect in the bottle was a direct cause of the injury?

3. Did the trial court abuse its discretion in giving superseding cause instructions to the jury?

4. Did the trial court err in requiring appellant to elect between negligence and strict liability theories after all evidence had been presented?

## ANALYSIS

1. In answers to interrogatories, respondent stated that it intended to call no witnesses. The trial court ordered respondent to answer if it did intend to call witnesses. On the opening day of the trial, respondent again stated that it intended to call no witnesses:

> [Appellant] has not disclosed in this pretrial who his witnesses are, but essentially we understand who they are going to be. And if they are who we think they are going to be, we intend to use his witnesses.

However, respondent called Joanne Bachmeier on its behalf. Appellant objected and asked the trial court to impose sanctions, and the trial court refused. Appellant asserts that this refusal was an abuse of discretion and is reversible error.

██ The decision to permit a person's testimony, even on short notice, is within the discretion of the trial court. *Cornfeldt*

*v. Tongen*, 262 N.W.2d 684, 697 (Minn. 1977); *Newmaster v. Mahmood*, 361 N.W.2d 130 (Minn.Ct.App.1985). However, this court is to carefully scrutinize such situations. *Dorn v. Home Farmers Mutual Insurance Association*, 300 Minn. 414, 419, 220 N.W.2d 503, 506 (1974). Factors to be considered are the willfulness of the failure to disclose, the resulting prejudice, and the harm to the truth-seeking process if severe sanctions are imposed. *Cornfeldt*, 262 N.W.2d at 697; *Newmaster*, 361 N.W.2d at 133.

Appellant asserts that Joanne's testimony was critical to the case, and that sanctions were required where respondent was given so many chances to identify its witness.

■ However, in this case there was no surprise to appellant as Joanne's deposition was taken earlier in the case and she appeared in a prior action concerning the same injury. Also, appellant had listed Joanne as one of its own witnesses, and her testimony was needed by the jury to understand the facts of the case. The trial court did not abuse its discretion in refusing to impose sanctions.

■ 2. To be admissible, expert testimony must assist the jury in reaching its decision. Minn.R.Evid. 702; *State v. Saldana*, 324 N.W.2d 227, 229 (Minn.1982).

> If the subject of the testimony is within the knowledge and experience of a lay jury and the testimony of the expert will not add precision or depth to the jury's ability to reach conclusions about that subject which is within their experience, then the testimony does not meet the helpfulness test.

*State v. Helterbridle*, 301 N.W.2d 545, 547 (Minn.1980). The trial court has broad discretion in deciding whether testimony from a qualified expert should be received. *Id.*; *Sorensen v. Maski*, 361 N.W.2d 498, 500 (Minn.Ct.App.1985).

Dr. Ross Firestone, a glass expert, testified as to the physical, ultrasonic, and polariscope examinations which he performed on a similar bottle since the original bottle

was no longer available. He stated that, in his opinion, the bottle was defective because it had been greatly weakened and could not be handled safely. Further, he testified that the bottle was unsafe to sell and that it was particularly unsafe when sold to teenagers. Finally, he testified that the bottle was unreasonably dangerous because of the thin glass and its internal stresses. The trial court, however, did not allow Firestone to testify that the defective condition of the bottle was a direct cause of the accident.

In so ruling, the trial court did not abuse its discretion. The issue presented to the jury was whether the breaking of the bottle was a superseding cause. Because the jurors were equally capable of considering the evidence and determining whether the defect was a direct cause of the injury, Firestone's opinion was not helpful.

■ 3. Immediately following its direct cause instructions, the trial court gave instructions on superseding cause. Appellant argues that this was a straight comparative negligence case and that the facts did not support a superseding cause instruction.

> Jury instructions must be construed as a whole and tested from the standpoint of total impact on the jury. Errors are fundamental or controlling if they "destroy the substantial correctness of the charge as a whole," cause a miscarriage of justice or result in substantial prejudice. The granting of a motion for a new trial on the ground of erroneous instructions to the jury rests largely in the sound discretion of the court, and its decision will not be disturbed on appeal unless there has been a clear abuse of that discretion.

*Smits v. E-Z Por Corp.*, 365 N.W.2d 352, 354 (Minn.Ct.App.1985) (citations omitted).

Superseding cause was a major issue in this case; the trial court did not abuse its discretion.

■ 4. Following the presentation of the evidence, the trial court required appellant to elect between a product liability

theory and a negligence theory. Appellant chose negligence, and argues on appeal that this forced choice requires a new trial.

In *Worden v. Gangelhoff,* 308 Minn. 252, 241 N.W.2d 650 (1976), plaintiff submitted his case to the jury on a negligence theory and the jury found that the negligence was not a direct cause of the loss. On appeal, plaintiff argued that the case should have been submitted on alternative theories of product liability. The court responded:

> On appeal, plaintiff does not argue that the evidence was insufficient to support the jury verdict on causation. Rather, he argues that the jury might have reached a different verdict on causation if it had been instructed as to other theories of liability. This argument has no merit unless plaintiff's burden of proof on the issue of causation would have been easier under theories other than negligence. Yet that burden is the same.

*Id.* at 254, 241 N.W.2d at 651.

Thus, even if the trial court improperly required appellant to elect a theory, the error was harmless.

### DECISION

We affirm the trial court.