**STATE of Minnesota, Appellant,**

v.

**Ann Brooke CHRISTENSEN, Respondent.**

**No. C1–88–2065.**

Court of Appeals of Minnesota.

May 9, 1989.

Review Denied June 9, 1989.

---

Hubert H. Humphrey, III, Atty. Gen., Louise T. Dobbe, Sp. Asst. Atty. Gen., St. Paul, and Roger J. Fellows, Asst. City Atty. City of Brooklyn Park, Minneapolis, for appellant.

Larry B. Leventhal, Leventhal and Associates, Minneapolis, for respondent.

Randall D.B. Tigue, Minneapolis, for amicus curiae, Kawaljit Bhatia.

Heard, considered and decided by LANSING, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

FOLEY, Judge.

The state appeals from the trial court's dismissal of criminal charges due to its finding that the charging statute is unconstitutionally vague on its face and as applied. We reverse and remand.

## FACTS

Respondent Ann Brooke Christensen was charged with the misdemeanor offense of possessing drug paraphernalia for delivery in violation of Minn.Stat. § 152.093 (1986), which provides:

It is unlawful for any person knowingly or intentionally to deliver drug paraphernalia or knowingly or intentionally to possess or manufacture drug paraphernalia for delivery. Any violation of this section is a misdemeanor.

Drug paraphernalia is defined as

all equipment, products, and materials of any kind, except those items used in conjunction with permitted uses of controlled substances under this chapter or the Uniform Controlled Substances Act, which are knowingly or intentionally used primarily in (1) manufacturing a controlled substance, (2) injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, (3) testing the strength, effectiveness, or purity of a controlled substance, or (4) enhancing the effect of a controlled substance.

Minn.Stat. § 152.01, subd. 18 (1986).

The charge stems from her operation and ownership of a retail store in Brooklyn Park. The store sells posters, tobacco, records, and items allegedly useful for ingestion of both legal and illegal substances. The establishment is a licensed tobacco retailer.

Pursuant to a warrant, police seized "cocaine kits" (a mirror, razor, spoon, vial, etc. in a small pouch) and other items. Christensen, who was not present during the seizure, was subsequently charged. The trial court granted Christensen's motion to dismiss the complaint due to the unconstitutional vagueness of Minn.Stat. §§ 152.-093 and 152.01, subd. 18 on their face and as applied. The state appeals.

## ISSUE

Are Minn.Stat. §§ 152.093 and 152.01, subd. 18 unconstitutionally vague on their face and as applied? [1]

## ANALYSIS

Construction of a statute is a question of law reviewable de novo by this court. *Hibbing Education Association v. Public Employment Relations Board,* 369 N.W.2d 527, 529 (Minn.1985). Every legislative enactment comes to this court with a presumption in favor of its constitutionality. *Bergmann v. City of Melrose,* 420 N.W.2d

---

1. The issue of vagueness was raised under both the state and federal constitutions. The trial court addressed the issue relying primarily on federal case law. Our analysis is also based on federal law; the result would be the same under Minnesota's Constitution. *See State v. Gray,* 413 N.W.2d 107 (Minn.1987); *State v. Murphy,* 380 N.W.2d 766 (Minn.1986); *State v. Fuller,* 374 N.W.2d 722 (Minn.1985).

663, 667 (Minn.Ct.App.1988). Christensen bore the burden of proving the statute unconstitutional beyond a reasonable doubt. *Federal Distillers, Inc. v. State,* 304 Minn. 28, 39, 229 N.W.2d 144, 154 (1975) (citing *Minneapolis Federation of Teachers Local v. Obermeyer,* 275 Minn. 347, 147 N.W.2d 358 (1966)).

In its memorandum, the trial court cited the applicable standard regarding vagueness from *High Ol' Times, Inc. v. Busbee,* 673 F.2d 1225 (11th Cir.1982). However, it then relied extensively on the analysis used in an Oregon appellate court case. *Gaffey v. Babb,* 50 Or.App. 617, 624 P.2d 616, *rev. denied* 291 Or. 117, 631 P.2d 341 (1981). *Gaffey* relies on another case which was later reversed and the ordinance in issue was later upheld. *See Gaffey,* 50 Or.App. at 632, 624 P.2d at 625 (citing *Record Revolution No. 6, Inc. v. City of Parma,* 638 F.2d 916 (6th Cir.1980), *vacated by* 456 U.S. 968, 102 S.Ct. 2227, 72 L.Ed.2d 840 (1982), *ordinance upheld on appeal after remand,* 709 F.2d 534 (1983)).

Furthermore, the trial court's memorandum does not reflect consideration of *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). We hold that *Hoffman* controls the decision here. *Gaffey* stands isolated, lacking any precedential value in the light of *Record Revolution*'s remand due to *Hoffman. Gaffey* is likewise distinguishable on its facts; the language in the Oregon ordinance is different from that used in the Minnesota statute.

In *Hoffman,* a pre-enforcement facial challenge case, the Supreme Court upheld a village ordinance restricting sale of drug paraphernalia to those licensed by the city. *Id.* at 492, 102 S.Ct. at 1190. The ordinance made the sale of paraphernalia "designed or marketed for use with illegal cannabis or drugs" unlawful. *Id.* at 506, 102 S.Ct. at 1197. The Court held that at least some of the items sold by Flipside (also a retail shop) were covered by the ordinance, and therefore the facial challenge was unavailing. *Id.* at 500, 102 S.Ct. at 1194.

To sustain a vagueness challenge the complainant must prove that the enactment is vague " 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' Such a provision simply has *no core.*"

*Hoffman,* 455 U.S. at 495 n. 7, 102 S.Ct. at 1191 n. 7 (quoting *Smith v. Goguen,* 415 U.S. 566, 578, 94 S.Ct. 1242, 1249, 39 L.Ed. 2d 605 (1974) (citation omitted)) (emphasis in original); *see also State v. Reynolds,* 243 Minn. 196, 66 N.W.2d 886 (1954); *State v. Moore,* 431 N.W.2d 565, 567 (Minn.Ct.App. 1988).

All the due process clause requires is fair notice by providing "an ascertainable standard of guilt" sufficient to enable persons of ordinary intelligence to avoid conduct which the law forbids.

*High Ol' Times,* 673 F.2d at 1229 (citing *Rose v. Locke,* 423 U.S. 48, 50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975); *Winters v. New York,* 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948)). In its analysis, the *Hoffman* court relied on the standards for evaluating vagueness announced in *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972):

Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

*Id.* at 108–09, 92 S.Ct. at 2298–99 (footnotes omitted); *see also State v. McCorvey,* 262 Minn. 361, 114 N.W.2d 703 (1962); *City of Mankato v. Fetchenhier,* 363 N.W.2d 76

(Minn.Ct.App.1985). The Court stated that less precise enactments are more likely to be tolerated in the civil context than in the criminal due to the differences in consequences of imprecision; in any event, absolute precision in drafting is not required. *Hoffman*, 455 U.S. at 499, 102 S.Ct. at 1193–94; *see also, High Ol' Times*, 673 F.2d at 1229. Also, a "scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant." *Hoffman*, 455 U.S. at 499, 102 S.Ct. at 1193. The *Hoffman* opinion set "important limits on facial constitutional attacks in the drug paraphernalia area." *Levas & Levas v. Village of Antioch, Illinois*, 684 F.2d 446 (7th Cir. 1982).

> [A] finding of unconstitutional vagueness cannot be based on uncertainty at the margins, or on a parade of bizarre hypothetical cases: problems of that order can be resolved in challenges to the ordinance as applied.

*Id.* at 451.

Applying the above standards, the *Hoffman* Court determined that the phrase "designed * * * for use" used in the ordinance contained a scienter standard in that

> an item that is *principally used* with illegal drugs by virtue of its objective features, *i.e.*, features designed by the manufacturer. *A business person of ordinary intelligence* would understand that this term refers to the design of the manufacturer, *not the intent of the retailer or customer.*

*Id.* 455 U.S. at 501, 102 S.Ct. at 1195 (emphasis added). The *Hoffman* Court also found the phrase "marketed for use" transparently clear in that "it describes a retailer's intentional display and marketing of merchandise." *Id.* at 502, 102 S.Ct. at 1195. "The standard requires scienter, since a retailer could scarcely 'market' items 'for' a particular use without intending that use." *Id.* Here, Christensen's employee, a retail clerk, directed the police to the area where the paraphernalia was located when asked, "Where's the cocaine stuff?"

A number of other state and federal circuit court cases have been decided since *Hoffman.* Unlike *Hoffman* and *High Ol' Times*, many of the statutes/ordinances discussed in those cases were based directly on the Model Drug Paraphernalia Act. As a general proposition, most of the statutes/ordinances based on the Model Act were upheld; those not so based were struck down. *See New England Accessories Trade Association v. Tierney*, 691 F.2d 35 (1st Cir.1982); *Levas & Levas*, 684 F.2d at 454; *Record Head Corp. v. Sachen*, 682 F.2d 672 (7th Cir.1982); *Casbah, Inc. v. Thone*, 651 F.2d 551 (8th Cir.1981), *cert. denied* 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982); *Philman's, Inc. v. City of West Carrollton*, 577 F.Supp. 1380 (S.D. Ohio 1983); *see also* Note, *The Constitutionality of Drug Paraphernalia Laws*, 81 Colum.L.Rev. 581, 592–600 (1981). However, we hold that a statute need not be based on the Model Act to be found constitutional, it merely must meet the standard set forth in *Hoffman.*

Minnesota's statutes are, at best, only loosely based on the Model Act. Legislative history indicates that while the language of the Model Act was originally an amendment to Senate File 1758 (1982), the bill that was later enacted into law emerged from a joint subcommittee significantly altered. 1982 Minn.Laws ch. 609.

The trial court focused on and found that the language "used primarily" in Minn. Stat. § 152.01, subd. 18 does not give the public and Christensen sufficient notice of criminal activity:

> Accordingly, under this definition of paraphernalia, the purveyer of any item, which is ultimately used with a controlled substance, has sold drug paraphernalia. Thus, no clear standard for the definition of paraphernalia is set forth in the statute to inform the defendant as to what conduct is prohibited. Defendant should not have to guess as to how an item will be used by a purchaser.

> The rationale used by the Oregon Court in *Gaffey* is most instructive in the instant case. * * * *Gaffey* explained: "* * * *The number or type of items that could come within the purview of the ordinance is limited only by the use to which the ultimate consumer puts the item.*"

Upon a careful reading of the trial court's memorandum, we conclude the court found

vague *only* that portion of the definitional statute which reads: " 'Drug paraphernalia' means all equipment * * * which are * * * used primarily * * * *" in certain activities. Minn.Stat. § 152.01, subd. 18.[2]

The trial court's holding imposes a more exact and precise standard than constitutional law requires. In our view, a person of ordinary intelligence would know what type of object is referred to in the statute, thus the statute provides the constitutionally required notice. Also, the statutes require the prosecution to prove *the person charged* (Christensen) knowingly or intentionally delivered drug paraphernalia, thus avoiding an improper prosecution due to the criminal intent of a retail purchaser. *See* Minn.Stat. § 152.093. Inherent in the prosecution's burden is the requirement to prove a defendant knew or believed the object sold to be "drug paraphernalia." 10 Minnesota Practice, CRIM. JIG, 20.14 (1986). As we read the trial court's memorandum, the thrust is towards the intent of the retail purchaser: "Defendant should not have to guess as to how an item will be used by a purchaser."

The statutes could conceivably be more precise. However, when the statutes are read together, as they are intended to be, the law is "susceptible of an interpretation which supports its constitutionality, [therefore this] court must accord the law such meaning." *High Ol' Times,* 673 F.2d at 1229 (citing *Screws v. United States,* 325 U.S. 91, 98, 65 S.Ct. 1031, 1033–34, 89 L.Ed. 1495 (1945) (plurality opinion)); *see also* Minn.Stat. § 645.17 (1986). Such interpretation is allowed absent evidence of contravening legislative intent and specific statutory language. *State v. Newstrom,* 371 N.W.2d 525, 529 (Minn.1985). Statutes should not be struck down due to hypertechnical interpretations. *See United States v. Locke,* 471 U.S. 84, 125, 105 S.Ct. 1785, 1808–09, 85 L.Ed.2d 64 (1985); *Wilson v. Westinghouse Electric Corp.,* 838 F.2d 286, 290 (8th Cir.1988); *McDuffee v. United States,* 769 F.2d 492, 493 (8th Cir. 1985). This court has also considered the public policy behind the statutes; drug

trafficking has become an increasing menace to our society.

The statutes also provide sufficient enforcement standards for law enforcement and the courts and thus satisfy the second prong of the *Grayned* test. *Hoffman* stated:

In reviewing a business regulation for facial vagueness * * * the principal inquiry is whether the law affords fair warning of what is proscribed.

*Id.* 455 U.S. at 503, 102 S.Ct. at 1195–96. Although *Hoffman* was a pre-enforcement challenge, the Court noted it would look to evidence of discriminatory enforcement. *Id.* Like *Hoffman,* here there is a lack of evidence indicating that the statute has been or will be discriminatorily enforced. Like *Hoffman,* we agree that if there is discriminatory enforcement in future applications of the law, there "will be time enough to consider any such problems when they arise." *Id.* at 504, 102 S.Ct. at 1196 (quoting *Joseph E. Seagram & Sons, Inc. v. Hostetter,* 384 U.S. 35, 52, 86 S.Ct. 1254, 1264–65, 16 L.Ed.2d 336 (1966)).

We reiterate that precise definition is not required in order to pass constitutional muster. That a violation (as here) is a misdemeanor rather than a felony does not change the standard.

[R]egardless of the severity of a law's criminal sanctions, a law regulating business behavior which does not restrict constitutionally protected conduct is not void for vagueness if it is sufficiently clear as applied to the conduct of the complaining party.

*Garner v. White,* 726 F.2d 1274, 1278 (8th Cir.1984) (citations omitted). Under the statutes, a fact finder could reasonably find that the items seized are "products * * * which are knowingly or intentionally used primarily" in ingesting illegal substances. *See* Minn.Stat. § 152.01, subd. 18.

Our decision in *State v. Mercherson,* 438 N.W.2d 707 (Minn.Ct.App.1989), is distinguishable on its facts from this case and does not control decision here.

Supportive of our holding on the constitutional challenges is *State v. Grover,* 437

---

2. We also note that although the trial court held the statute unconstitutional as applied in this

situation, the holding in this regard was not substantiated by facts in the record.

N.W.2d 60 (Minn. March 17, 1989). We adopt the language of the Minnesota Supreme Court in *Grover*, where the supreme court held that

> we have no difficulty in concluding that the statute in question is not unconstitutionally overbroad in the sense of sweeping too broadly, reaching a significant amount of constitutionally protected activity. *See State v. Krawsky*, 426 N.W. 2d 875, 877–78 (Minn.1988) (upholding against overbreadth and vagueness challenge statute making it a misdemeanor to interfere with a police officer in the performance of his duties).

*Grover*, 437 N.W.2d at 64.

### DECISION

Minn.Stat. §§ 152.093 and 152.01, subd. 18 do not suffer from constitutional vagueness. We reverse and remand for trial.

Reversed and remanded.