**CITY OF ST. PAUL, Respondent,**

v.

**VARIOUS ITEMS OF DRUG PARAPHERNALIA,**
Defendant,

**Kawaljit Bhatia, Appellant.**

No. C9–90–2735.

Court of Appeals of Minnesota.

Aug. 27, 1991.

Hubert H. Humphrey, III, Atty. Gen., Louise T. Dobbe, Robert Stanich, Sp. Asst. Attys. Gen., Jane McPeak, St. Paul City Atty. and James Tures, Asst. City Atty., St. Paul, for respondent.

Randall D.B. Tigue, Minneapolis, for appellant.

Considered and decided by KLAPHAKE, P.J., and LANSING and DAVIES, JJ.

## OPINION

DAVIES, Judge.

The trial court held that the drug paraphernalia statutes were constitutional as

applied, there was sufficient evidence to support determinations that various items were drug paraphernalia, and allowing a police officer to testify as an expert was not error. Appellant challenges these determinations. Holding that a finding of intent as to use must be read into the definition of drug paraphernalia, we reverse and remand.

## FACTS

In September 1983, undercover St. Paul police officers bought several items that have the physical characteristics of drug paraphernalia from appellant Kawaljit Bhatia's store, the Maharaja Hi Times Shop. A search warrant was obtained and the defendant items seized.

In February of 1986, appellant, denying intent, entered a *Goulette* type plea of guilty to simple possession of drug paraphernalia, a petty misdemeanor.[1]

A civil forfeiture action regarding the items in question came before the trial court in March of 1986. Prior to trial, as hundreds of items of alleged drug paraphernalia had been seized, the attorneys agreed to focus on 66 representative items which were to govern the disposition of comparable items.

By its order of June 1, 1990, the trial court found that most of the defendant items were drug paraphernalia and would be forfeited. Other items, which the trial court held did not meet the statutory definition of drug paraphernalia, were ordered to be returned to appellant. A post-trial motion was made, resulting in holdings that the statute was constitutional as applied, that there was sufficient evidence to support determinations that various items were drug paraphernalia, and that a new trial was not warranted.

## ISSUES

1. Did the trial court err in holding that Minn.Stat. § 152.01, subd. 18 (1982), re-

---

1. In *State v. Goulette,* 258 N.W.2d 758–61 (Minn. 1977), the Minnesota Supreme Court held a trial court may accept a plea of guilty by an accused even though the accused protests that he is innocent.

garding drug paraphernalia, was constitutional as construed by the court and applied to appellant?

2. Did the trial court err in holding there was sufficient evidence that the alleged cutting agents were drug paraphernalia?

3. Did the trial court err in admitting the testimony of a police officer as an expert regarding the primary use of seized items?

## ANALYSIS

### *Unconstitutionality*

This court has stated:

Construction of a statute is a question of law reviewable de novo by this court. Every legislative enactment comes to this court with a presumption in favor of its constitutionality. [Defendant] bore the burden of proving the statute unconstitutional beyond a reasonable doubt.

*State v. Christensen,* 439 N.W.2d 389, 390–91 (Minn.App.1989) (citations omitted), *pet. for rev. denied* (Minn. June 9, 1989), *cert. denied,* 493 U.S. 936, 110 S.Ct. 329, 107 L.Ed.2d 319 (1989).

1. Appellant alleges that Minn.Stat. § 152.01, subd. 18 (1982), which defines drug paraphernalia, is unconstitutionally vague as construed and applied to appellant. Appellant argues that the statute can only be constitutional if an item not only has the requisite physical characteristics of drug paraphernalia but also is possessed or distributed with the specific intent that it be used with controlled substances. We agree.

Under Minn.Stat. § 152.093 (1982):

It is unlawful for any person knowingly or intentionally to deliver drug paraphernalia or knowingly or intentionally to possess or manufacture drug paraphernalia for delivery.

Further:

*See also North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

"Drug paraphernalia" means all equipment, products, and materials of any kind * * * which are knowingly or intentionally used primarily in (1) manufacturing a controlled substance, (2) injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, (3) testing the strength, effectiveness, or purity of a controlled substance, or (4) enhancing the effect of a controlled substance.

Minn.Stat. § 152.01, subd. 18.

There are two cases of particular importance to our analysis: *Christensen* which in a criminal enforcement action under Minn.Stat. § 152.093 upheld the constitutionality of the Minnesota statutes at issue here, and *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), which upheld the constitutionality of a drug paraphernalia ordinance against a facial challenge on the grounds of vagueness and overbreadth.

Although the ordinance in *Hoffman* is different from the Minnesota statutes, the same underlying concepts are involved. The *Hoffman* analysis was two pronged, one prong focusing on the standard "designed * * * for use" with controlled substances and the other prong focusing on the standard "marketed for use" with controlled substances.

The U.S. Supreme Court said of "marketed for use" that:

The standard requires scienter, since a retailer could scarcely "market" items "for" a particular use without *intending that use.*

*Hoffman*, 455 U.S. at 502, 102 S.Ct at 1195 (emphasis added). We conclude the idea of "intending that use" must also be incorporated into the Minnesota definition of "drug paraphernalia," Minn.Stat. § 152.01, subd. 18.

■ This court has indicated that the Minnesota statutes quoted above are intended to be read together and that read together, they are constitutional. *Christensen*, 439 N.W.2d at 393. They must be read together whether the action is a criminal prosecution or a civil forfeiture because there is no justification for a forfeiture without a crime.

■ There can be no crime here without intent. Appellant argues that the trial court relied exclusively on the language of Minn.Stat. § 152.01, subd. 18, regarding "items * * * which are knowingly or intentionally used primarily" in relation to the illegal use of controlled substances, ignoring the specific intent of the retail store owner/possessor of the items.

In its memorandum, attached to the June 1, 1990, order, the trial court specifically referred to both Minn.Stat. § 152.093 and Minn.Stat. § 152.01, subd. 18, in delineating the issue for decision and concluded that appellant "knowingly and intentionally possessed the defendant items for sale or delivery." While this language parallels the language of Minn.Stat. § 152.093, which makes it illegal for anyone "knowingly or intentionally to possess * * * drug paraphernalia for delivery," the trial court did not make additional specific findings of claimant's intent that the items were to be used with controlled substances. Although the trial court concluded that most of the defendant items were drug paraphernalia under Minn.Stat. § 152.01, subd. 18, mere juxtaposition of the two statutes and conclusions is insufficient. Items found to have the physical characteristics necessary to meet the statutory definition of drug paraphernalia must also be intended for use as drug paraphernalia, that is, with controlled substances; a finding of the intent is necessary. We do not find such a statement in the trial court's extensive findings and conclusions. Conclusion of Law 2 shows the defect.

2. That on September 16, 1983, claimant Kawaljit Bhatia knowingly and intentionally possessed the defendant items for sale or delivery.

This does not say appellant possessed these items for sale or delivery to meet the needs of users of controlled substances.

We, therefore, reverse and remand with instructions to the trial court to determine the intent of the store owner as to ultimate use, and to make specific findings and con-

clusions regarding that intent. In so doing, we make no judgment as to whether adequate evidence has been presented to the trial court or whether an additional hearing should be held.

■ 2. Appellant argues that the drug paraphernalia statutes, as construed and applied, unconstitutionally infringe on his freedom of association. It is not clear how selling a product that might be used for illegal purposes can constitute "association" under the first and fourteenth amendments to the U.S. constitution and we find no such violation.

■ 3. Appellant also argues that the statute, as construed and applied, violates the equal protection clause of the U.S. constitution because prohibiting the items seized

> invidiously discriminate[s] against minority races and cultures whose smoking traditions and implements * * * do not conform to the standards and practices of the racial and cultural majority.

Appellant cites *Washington v. Davis,* 426 U.S. 229, 241, 96 S.Ct. 2040, 2048, 48 L.Ed.2d 597 (1976), for the proposition that even a statute that is facially neutral, like the one before us, "must not be applied so as invidiously to discriminate on the basis of race." The U.S. Supreme Court also indicates in *Washington,* however, that to be unconstitutional, the law must be shown to have a "racially discriminatory purpose." *Id.* 426 U.S. at 240, 96 S.Ct. at 2048. While there are circumstances where disproportionate impact on different racial groups can be a critical factor, the general rule is that a discriminatory purpose must be shown. *Id.* at 243–44, 96 S.Ct. at 2049. Here, there is not even a showing of disproportionate impact. We find no discriminatory purpose and no violation of equal protection principles.

*Sufficiency of the Evidence*

■ Appellant challenges the sufficiency of the evidence used to conclude that the state's exhibits 27–34 represented drug paraphernalia. Appellant argues that the evidence is insufficient because these eight items are versions of substances that can also be bought in health food stores.

Minn.R.Civ.P. 52.01 provides that:

> Findings of fact * * * shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Thus, where the findings of fact are "reasonably supported by the evidence, they are not clearly erroneous and must be affirmed." *Hilton v. Nelsen,* 283 N.W.2d 877, 881 (Minn.1979).

The trial court explained in its order of July 17, 1990, denying post-trial relief, that:

> While it is true that some of the items in question *might* also have the *capability* of being used as laxatives or vitamin supplements, the Court was guided largely in its decision by the language used to market the substances themselves. Exhibits 28, 30 and 33 are marketed as "Superior Sparkle Cut," "Manna–Cut," and "Pure Touch," respectively. Such descriptions appear to be directed to someone who wished to dilute controlled substances rather than to relieve constipation or maintain a high state of physical health. The Court is also mindful of the fact that claimant was not operating a drug store or health food store. In addition, Sergeant Ballis testified that he had seen Exhibits 27 through 34 actually used to cut controlled substances.

(Emphasis in original.) Thus, the trial court has taken account of the objective characteristics of the product, as indicated by their manufacturer, and of the primary use of the products, as indicated by an expert witness.

Appellant argues that even if the primary use of the products was to cut controlled substances, that activity does not constitute manufacture of a controlled substance. Minn.Stat. § 152.01, subd. 7 (1982), provides that:

> "Manufacturing" * * * includes the production, quality control, and standardization by mechanical, physical, chemical, or pharmaceutical means, packing, repacking, tableting, encapsulating, labeling, re-

labeling, filling, or by other process, of drugs.

Cutting appears to be a means of "standardization." The trial court's determination that the products were drug paraphernalia is not clearly erroneous.

### Expert Witness

■ Appellant challenges the qualifications of the police officer to testify as an expert regarding the primary use of the products seized, alleging that he is not qualified because he lacks familiarity with possible legal uses of the products.

It is within the trial court's broad discretion to determine the sufficiency of the foundation laid for an expert opinion.

*Danielson v. Johnson,* 366 N.W.2d 309, 314 (Minn.App.1985), *pet. for rev. denied* (Minn. June 24, 1985). The trial court's determination that a witness is qualified to testify as an expert

will not be reversed unless it is based on an erroneous view of the law or is clearly not justified by the evidence.

*Hueper v. Goodrich,* 263 N.W.2d 408, 411 (Minn.1978).

According to the Rules:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Minn.R.Evid. 702.

As the supreme court explained, "The basic requirement of Rule 702 is the helpfulness requirement." *State v. Helterbridle,* 301 N.W.2d 545, 547 (Minn.1980). Further, to be qualified as an expert,

[i]t is generally not necessary * * * [to] be the most qualified person in his field in order to render his opinions at trial. All that is necessary is that he have some specialized knowledge or training which will be of some assistance to the [trier of fact]. That knowledge may be gained through formal education or through years of occupational experience.

*Hueper,* 263 N.W.2d at 411 (citations omitted).

The police officer who testified at trial had more than 20 years' experience as a police officer and four and one half years' experience in drug enforcement. In addition to his training and investigation experience, he had participated in the execution of more than 250 search warrants involving narcotics.

The trial court did not abuse its discretion in allowing the police officer to testify as an expert.

### DECISION

We hold that the drug paraphernalia statutes, Minn.Stat. § 152.02, subd. 18 (1982), and Minn.Stat. § 152.093 (1982), as applied, do not infringe on appellant's constitutional rights to free association nor equal protection, that the trial court decision that various products were drug paraphernalia was not clearly erroneous, and that the trial court did not abuse its discretion in allowing a police officer to testify as an expert. The drug paraphernalia statutes, however, must be read to require a finding that the person possessing the items intend they be used as drug paraphernalia. Therefore, we hold that, although the trial court found objective characteristics indicating the items were drug paraphernalia, it did not find intentional possession of the items for use as drug paraphernalia. Because the trial court has not made a clear finding of an intent to possess and to sell the items for use as drug paraphernalia, we reverse and remand.

Reversed and remanded.